WILLIAM J. REEVES *vs.* JOSEPH MARGEY. October 30, 1947. Exceptions overruled. The plaintiff, whose status was that of a guest, was injured while riding in a truck operated by the defendant. In this action of tort to recover compensation for his injuries, the plaintiff had a verdict. The judge under leave reserved entered a verdict for the defendant, subject to the plaintiff's exception. The only question for decision is whether the evidence would warrant a finding of gross negligence on the part of the defendant. These facts could have been found: On August 21, 1940, at 4:30 P.M., the plaintiff, who had been working on a W.P.A. job on Sparks Street, Cambridge, was asked by the defendant, a chauffeur employed by the city of Cambridge, if he would like to ride home with him. The plaintiff accepted the invitation, as did several of his fellow workers, and they got on the truck which the defendant was operating. The truck was a dilapidated swill truck which was being used to throw dirt in and was owned by the city of Cambridge. The plaintiff had ridden on it before. When they "used to ride back and forth on the body of the truck it would sway." On the afternoon of the accident, two men sat with the defendant in the cab, and the plaintiff sat to the right of the cab "on the extension out from the back of the cab, facing the same way that the truck was going, and his feet were on . . . [a] platform." Some of the other men were seated on a board with their backs against the cab. Leaving Sparks Street, the truck proceeded down Concord Avenue toward Harvard Square. When it was on Garden Street, a quarter of a mile from where the accident happened, the defendant applied the brakes but the truck did not slow down, and, in order to avoid an automobile in front of him, the defendant "swerved out and around it." As the truck arrived at the rotunda in Harvard Square, a street car coming from Boston on Massachusetts Avenue was approaching the square. When the street car was about fifty feet away from the truck, "the men all yelled and cried, 'Watch out!'" and the defendant, without applying his brakes, "swerved around to beat the street car"; he "went right and turned a sharp left toward Central Square." As the defendant cut in front of the street car he increased the speed of the truck (which up to that time had been proceeding at about thirty-five miles an hour) to about forty miles an hour. As the truck turned to the left it "forced . . . [the plaintiff] to release his grip" and he was thrown off on the southerly side of Massachusetts Avenue between Dunster and Holyoke streets. The body of the truck was loose, and was tipping from one side to the other just before the accident. Automobiles were parked along the southerly side of the avenue between these streets. The truck came to a stop about one hundred fifty feet beyond the point where the plaintiff was thrown off. At the place where the accident happened Massachusetts Avenue is seventy-five feet wide from curb to curb. The distance from the nearest outbound rail of the car track to the south side of Massachusetts Avenue was twenty-five feet. The defendant "appeared . . . to have had a few drinks." Traffic conditions at Harvard

Square were described as "very heavy, although there was no extra traffic on this particular night." In our opinion these facts would not warrant a finding of gross negligence on the part of the defendant. The characteristics of gross negligence as distinguished from ordinary negligence have often been discussed by this court and a review of the decisions on the subject would serve no useful purpose. We are of the opinion that the present case falls within the class of cases illustrated by *McKenna* v. *Smith*, 275 Mass. 149, *Desroches* v. *Holland*, 285 Mass. 495, *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170, 172, *Duval* v. *Duval*, 307 Mass. 524, *DeSimone* v. *Pedonti*, 308 Mass. 373, and *Driscoll* v. *Pagano*, 313 Mass. 464, and does not come within such cases as *Kirby* v. *Keating*, 271 Mass. 390, *Meeney* v. *Doyle*, 276 Mass. 218, *Dow* v. *Lipsitz*, 283 Mass. 132, *Crowley* v. *Fisher*, 284 Mass. 205, *Smith* v. *Axtman*, 296 Mass. 512, *Goodwin* v. *Walton*, 298 Mass. 451, and *Lyons* v. *Todina*, 306 Mass. 592, relied on by the plaintiff. The evidence that the defendant "appeared . . . to have had a few drinks" does not go far enough to show to what extent, if any, the use of intoxicating liquor by the defendant was a contributing cause of the accident. See *Lynch* v. *Springfield Safe Deposit & Trust Co.* 294 Mass. 170, 172.

*T. F. Sullivan*, for the plaintiff.
*M. B. Goldberg*, for the defendant.