ELLENA B. MICHNIK-ZILBERMAN, individually and as administratrix, vs. GORDON'S LIQUOR, INC.

Middlesex. May 26, 1982. — October 21, 1982.

Present: HALE, C.J., PERRETTA, & KASS, JJ.

*Practice, Civil,* Directed verdict, Judgment notwithstanding verdict. *Proximate Cause. Negligence,* Sale of liquor, Motor vehicle. *Alcoholic Liquors,* Sale to minor, Motor vehicle. *Evidence,* Bias.

A motion for a directed verdict in a civil action reciting only that the evidence presented by the plaintiff "does not warrant a finding on her behalf as a matter of law" did not satisfy the requirement of Mass.R. Civ.P. 50 (a) that a "motion for a directed verdict shall state the specific grounds therefor." [535-536]

Where at the close of the plaintiff's evidence in a civil action a general, overbroad motion for a directed verdict was made, and where the motion was not renewed at the close of all the evidence, this court on appeal considered the denial of the defendant's motion for judgment notwithstanding the verdict only for the limited purpose of determining whether the verdict was inconsistent with substantial justice. [536-537]

Sale of alcoholic beverages to a minor by a retail seller in violation of G. L. c. 138, § 34, was sufficient to bring to a jury the question of the seller's liability for the death of a person killed by the minor in an automobile accident while the minor was driving under the influence of alcohol. [537-540]

In a wrongful death action arising from a sale of alcoholic beverages in a liquor store to a minor who was sober at the time of the purchase but who some hours later while driving under the influence of alcohol killed a person riding on a bicycle, there was sufficient evidence to permit the jury to find a causal relationship between the minor's impaired driving ability and the accident. [540-541]

At the trial of a wrongful death action against a retail seller of alcoholic beverages arising from the sale of beer to a minor who some hours later, while driving under the influence of alcohol, killed the plaintiff's husband, the judge did not err in refusing to permit the defendant, on cross-examination of the minor, to question him about the plaintiff's settlement of her claim against him. [541-543]

CIVIL ACTION commenced in the Superior Court Department on October 11, 1978.

The case was tried before *Mitchell*, J.

*Michael Reilly* for the defendant.

*Joseph D. Steinfield* (*John A. D. Gilmore* with him) for the plaintiff.

PERRETTA, J. The plaintiff (Zilberman) brought an action in tort for negligence against the defendant Gordon's Liquor, Inc. (Gordon), the owner of a package store located in Waltham. Zilberman alleged, and the jury found, that Gordon negligently sold beer to a minor, Thomas Thoele, who, as a result of drinking that beer, negligently drove his car so that it struck and injured her husband, David Zilberman. He died of his injuries a short time after the collision. On Gordon's appeal, we hold that the injuries inflicted by Thoele were a foreseeable consequence of the negligent sale of alcoholic beverages to him, and that the judge did not abuse his discretion in excluding evidence of a settlement of Zilberman's claim against Thoele. We affirm the judgment.

We recite the basic evidence offered by the parties, reserving details for discussion of the particular issues to which they relate. About 4:30 P.M., on July 25, 1977, Thoele, who was then beardless, youthful in appearance, and seventeen years of age, went into Gordon's package store on Moody Street in Waltham. He took a six-pack of twelve-ounce cans of beer from the cooler, paid the cashier, and left the store. He was never asked for proof of his age by anyone in Gordon's. Thoele drove home, ate dinner, and went out for the evening. Between 8:30 P.M. and 10:00 P.M., while driving his car, Thoele drank three or four cans of the beer he had purchased from Gordon earlier that day. About 10:00 P.M., Thoele was driving down Crescent Street in Waltham where David Zilberman was riding his bicycle. At this time Thoele was under the influence of alcohol and unfit to drive. He saw the rear reflector of the bicycle ahead of him and to his right. Thoele sideswiped David Zilberman, continued forward another twenty-five feet or so, turned the car around, stopped, and got out.

After the close of Zilberman's evidence and the denial of Gordon's motion for a directed verdict, Mass.R.Civ.P. 50(a), 365 Mass. 814 (1974), Gordon offered evidence to show that it had a longstanding policy of requiring a purchaser who "looked young or under age" to establish his age with proper identification or the sale would not be made and that this policy had been successful in preventing the sale of alcoholic beverages to minors.

1. *Gordon's Motions Under Mass.R.Civ.P. 50(a) and (b).*

Gordon argues that the trial judge erred in denying its motion for a directed verdict at the close of Zilberman's case. It claims that we may reach this issue notwithstanding its failure to renew the earlier motion at the close of all the evidence, see *Martin* v. *Hall*, 369 Mass. 882 (1976), because the evidence it presented was "inconsequential." *King* v. *G & M Realty Corp.*, 373 Mass. 658, 659-660 n.3 (1977). Gordon reasons that where a defendant presents evidence which "could not conceivably alter" the court's ruling on the earlier motion, see *Gillentine* v. *McKeand*, 426 F.2d 717, 722 (1st Cir. 1970), there is little practical justification for finding a waiver due to a failure to renew that motion. See *Moran* v. *Raymond Corp.*, 484 F.2d 1008, 1012 (7th Cir. 1973). It is unnecessary, however, to determine whether Gordon's evidence was "inconsequential," because there is another procedural failure which precludes us from reviewing the trial judge's ruling.

In its motion for a directed verdict, Gordon recites only that the evidence presented by Zilberman "does not warrant a finding on her behalf as a matter of law." This statement does not constitute compliance with the requirement set out in rule 50(a) that "[a] motion for a directed verdict shall state the specific grounds therefor." See Smith & Zobel, Rules Practice § 50.9, at 206 (1977) ("The specification requirement, however, is not satisfied by such general statements as: . . . 'Plaintiff's evidence is insufficient as a matter of law to warrant a jury verdict in his favor'"); *Kravetz* v. *Merchants Distrb., Inc.*, 387 Mass. 457, 461 (1982). The designated portions of the transcript appearing in the record

appendix do not reflect that any specification of the grounds for the motion were given at the sidebar hearing on it. "[T]he denial of a motion for a directed verdict which fails to state the grounds therefor is not error and cannot be complained of on appeal." *Moy* v. *Jack Madden Ford Sales, Inc.*, 4 Mass. App. Ct. 102, 108 (1976), and therein cited Federal authorities discussing the cognate Federal rule 50(a). See also *Uloth* v. *City Tank Corp.*, 376 Mass. 874, 883 (1978); *Parslow* v. *Pilgrim Parking, Inc.*, 5 Mass. App. Ct. 822 (1977); *Russo* v. *Star Market Co.*, 6 Mass. App. Ct. 875 (1978).

In its pursuit of a directed verdict, Gordon also moved for judgment notwithstanding the verdict pursuant to Mass.R. Civ.P. 50(b), 365 Mass. 814 (1974). Here Gordon alleged: (1) that there was no evidence that Thoele's intoxication caused the accident; (2) that there was no evidence that Gordon knew or should have known that Thoele would use a motor vehicle; and (3) that the accident was "not foreseeable as a matter of law." These issues may be reached by us, even though Gordon did not renew its motion for a directed verdict at the close of all the evidence, in order to determine whether the verdict "appears to the court inconsistent with substantial justice." Mass.R.Civ.P. 61, 365 Mass. 829 (1974).

In construing the identical Federal rule 50(b), the Federal courts consistently have held that a motion for a judgment notwithstanding the verdict is technically a renewal of a motion for a directed verdict at the close of all the evidence, and it cannot, therefore, assert a ground that was not earlier raised. It follows that where a general, overbroad motion is made under rule 50(a) and no motion is made at the close of all the evidence, as in the instant case, there is no predicate for a motion for judgment notwithstanding the verdict addressing the sufficiency of the plaintiff's evidence. Hence, appellate review of that issue is foreclosed. See *Sears* v. *Pauly*, 261 F.2d 304, 306-307 (1st Cir. 1958); *Trans World Airlines, Inc.* v. *Shirley*, 295 F.2d 678 (9th Cir. 1961); *Ed Hauser Enterprises* v. *General Motors Corp.*, 595 F.2d 366, 371-372 (7th Cir. 1979); *Ramada Dev.*

*Co.* v. *Rauch*, 644 F.2d 1097, 1102-1103 (5th Cir. 1981). In the absence of compliance with rules 50(a) and (b), an appellant brings a very narrow and limited issue to a reviewing court: "[W]e may inquire whether there was *any* evidence . . . but we may not question the sufficiency of whatever evidence we do find . . . Our consideration is limited to whether plain error has been committed which, if not noticed, would result in a manifest miscarriage of justice." *Little* v. *Bankers Life & Cas. Co.*, 426 F.2d 509, 511 (5th Cir. 1970).

We consider the denial of Gordon's motion under rule 50(b) on the limited basis available to us and as narrowly requested by Gordon in the motion itself.

2. *Foreseeability as Matter of Law.*

If the accident here in issue was not foreseeable as matter of law, as claimed by Gordon, Zilberman would have no cause of action against Gordon, and the verdict in her favor would not be consistent with substantial justice.

That a sale of alcoholic beverages rather than their consumption could be found to be the proximate cause of injuries inflicted by an intoxicated person was established in *Adamian* v. *Three Sons, Inc.*, 353 Mass. 498, 501 (1968). There the defendant tavern sold alcoholic beverages to intoxicated patrons contrary to the provisions of G. L. c. 138, § 69, which prohibits the sale of alcoholic beverages to an intoxicated person. That statutory violation constituted evidence of the defendant's negligence. *Adamian* v. *Three Sons, Inc.*, 353 Mass. at 499. As pointed out in *Cimino* v. *Milford Keg, Inc.*, 385 Mass. 323, 327 (1982), in these types of cases, the defendant's liability "is grounded on the common law doctrine of negligence." That being so, "a tavern keeper does not owe a duty to refuse to serve liquor to an intoxicated patron unless the tavern keeper knows or reasonably should have known that the patron is intoxicated." *Ibid.*

Gordon sold liquor to a minor contrary to the statutory prohibition of such sales. General Laws c. 138, § 34, as amended by St. 1962, c. 354, and as in effect on July 25, 1977, provided that "whoever makes a sale or delivery of

any [alcoholic] beverages or alcohol to any person under twenty-one years of age . . . shall be punished . . ." A violation of § 34, just as with a violation of § 69, is "some evidence of the defendant's negligence as to all consequences the statute was intended to prevent." *Adamian* v. *Three Sons, Inc.*, 353 Mass. at 499.

Both §§ 34 and 69 are intended to preclude persons known to be incapable of responsible judgment from further impairment of their limited abilities by preventing their consumption of alcoholic beverages. See *Wiska* v. *St. Stanislaus Social Club, Inc.*, 7 Mass. App. Ct. 813, 816 n.5 (1979) ("Courts have recognized that statutes prohibiting sales of liquor to minors are predicated on the special susceptibilities of minors 'and the intensification of the otherwise inherent dangers when persons lacking in maturity and responsibility partake of alcoholic beverages . . . the sale of the first drink which does "its share of the work" . . . and which generally leads to the others is unequivocally forbidden.' *Rappaport* v. *Nichols*, 31 N.J. 188, 201 (1959).") Compare *O'Hanley* v. *Ninety-Nine, Inc.*, 12 Mass. App. Ct. 64, 65 (1981), where a tavern keeper was held liable for injuries sustained by an adult patron in his attempt to dance on the tavern keeper's bar after having consumed fifteen beers and six martinis.

In addition, § 34 and § 69 are intended to protect the general public as well as the purchaser of the forbidden alcoholic beverages. See *Wiska* v. *St. Stanislaus Social Club, Inc.*, 7 Mass. App. Ct. at 816 n.5; *O'Hanley* v. *Ninety-Nine, Inc.*, 12 Mass. App. Ct. at 67-68.

Tavern keepers and retail sellers of alcoholic beverages have a duty to refuse to sell those beverages to persons they know or reasonably should know are intoxicated or minors, or both.

Gordon argues that it violates no duty to persons injured by the drunken driving of a minor who was sober at the time of the sale, because as matter of law it could not know that the sober minor would become intoxicated and drive an automobile while under the influence of liquor earlier purchased.

This argument was answered, in respect to sales to intoxicated persons in violation of § 69, in *Cimino* v. *Milford Keg, Inc.*, 385 Mass. at 330, where the court held that a plaintiff's right of recovery should not depend "on such fortuities as the ability of such injured persons to prove that the defendant knew or should have known the particular person who caused the injury was going to use a motor vehicle" and that it is only necessary for a plaintiff "to prove that the defendant took a risk with respect to the plaintiff's safety that a person of ordinary prudence would not have taken, and that the plaintiff suffered a resulting injury that was within the foreseeable risk." That foreseeable risk is not limited to injuries which are sustained as a result of operating a motor vehicle under the influence of liquor. See, e.g., *O'Hanley* v. *Ninety-Nine, Inc.*, 12 Mass. App. Ct. at 68, where we held that the proximate cause of the plaintiff's injuries was a question for the jury. See also *Cimino* v. *Milford Keg, Inc.*, 385 Mass. at 331-332 n.9 (where the injuries are inflicted by an automobile, the plaintiff must show that "such operation was reasonably foreseeable by the defendant").

We see no distinction between tavern keepers and retail sellers of alcoholic beverages which requires us to take the question of foreseeability from the jury when the forbidden sale is by a retail seller. The sale of alcoholic beverages to a sober minor by a tavern keeper and a retail seller is prohibited because any amount of alcohol may intoxicate that purchaser. *Wiska* v. *St. Stanislaus Social Club, Inc.*, 7 Mass. App. Ct. at 816 n.5, quoting from *Rappaport* v. *Nichols*, 31 N.J. at 201. Minors may lawfully drive motor vehicles. See G. L. c. 90, § 8. In claiming that a distinction exists by reason of the fact that a retail seller, unlike a tavern keeper, has no control over the consumption of the liquor, Gordon forgets that it is the sale rather than the consumption which may be found to constitute the negligent act. *Adamian* v. *Three Sons, Inc.*, 353 Mass. at 501. The retail seller, like the tavern keeper, has total control over the sale. Moreover, both have the identical opportunity to determine to their

satisfaction the purchaser's age, and with the same relative ease.

We conclude that the question whether a sale of alcoholic beverages to a sober minor by a retail seller is the proximate cause of a plaintiff's injury is a question for the jury. Where and when the minor became intoxicated are but two of any number of circumstances that can be demonstrated in order to be relieved of the liability which otherwise may be found to exist.

3. *Evidentiary Grounds of the Motion.*

Gordon claims that there was no evidence that it knew or should have known that Thoele would use a motor vehicle. Gordon's argument that a retail seller, unlike a tavern keeper, "has no reason to expect that the patron will drink the alcohol while driving the car," is contrary to the realities of life. We think it is as "commonplace" to travel to and from a package store by automobile as to and from a tavern. See *Cimino* v. *Milford Keg, Inc.*, 385 Mass. at 330-332. We refuse to conclude that, in the face of public concern over the fact that minors drink while driving, a jury may not infer that a retail seller of ordinary caution recognizes that a minor may consume the forbidden alcohol and drive before reaching some zone of adult supervision.

Gordon also claims that there was no evidence to show that Thoele's intoxication caused the accident, citing *Wiska* v. *St. Stanislaus Social Club, Inc.*, 7 Mass. App. Ct. at 817. There we reviewed the sufficiency of the evidence to determine whether the defendant's motion for a directed verdict properly had been allowed. The evidence showed that the driver "was driving normally when he left the Club, and there was no evidence as to what caused the car to collide with the utility pole," even assuming that the driver was "intoxicated to some degree." *Ibid.* In the instant case, we must consider only whether there was any evidence of a causal relationship between Thoele's intoxication and the accident. Thoele testified that he had consumed three to four of the twelve-ounce cans of beer purchased from Gordon, that he was intoxicated at the time of the accident,

that he saw the reflector on the bicycle, and that he side-swiped David Zilberman. The officers who took Thoele into custody at the scene of the accident described him as being "loud and rowdy," his speech was slurred, his eyes were glassy and bloodshot, and he was "unsteady on his feet." We conclude that this testimony was evidence from which a jury could infer that there was a causal relationship between Thoele's impaired driving ability and the accident.

In its brief, Gordon argues that there was no evidence to show that Gordon knew or should have known that Thoele was a minor. Because this ground was not raised on Gordon's motion for judgment notwithstanding the verdict, we need not consider it. However, we note in passing that there was testimony to show that, at the time of the sale, Thoele was seventeen years old, youthful in appearance, and with no facial hair.

4. *Settlement of Zilberman's Claim Against Thoele.*

In cross-examining Thoele, Gordon presented evidence of what it believed were inconsistencies between Thoele's testimony at trial and statements he had made previously in response to various discovery motions. In concluding its examination of Thoele, Gordon sought to question him about Zilberman's settlement of her claim against him. The trial judge would not allow any inquiry of Thoele on this topic, and Gordon offered to prove that if Thoele were allowed to answer, he would testify that on July 3, 1978, he received a release from all liability from Zilberman in consideration of $5,000.

The argument before us is that the trial judge's ruling prevented Gordon "from presenting the essential key" to the cross-examination of Thoele. The point Gordon wished to drive home to the jury, as stated in its brief, was that "Thoele changed his testimony in order to protect himself and switch the Plaintiff's interest from himself to" Gordon. Gordon relies upon the established principle that "[t]he pecuniary interest of a witness or his prejudice or bias in favor of the party calling him can always be shown, limited only as to the extent of the inquiry by the sound discretion of the trial

judge." *Dempsey* v. *Goldstein Bros. Amusement*, 231
Mass. 461, 464-465 (1919). See also *Commonwealth* v.
*Marcellino*, 271 Mass. 325, 326-327 (1930); *Commonwealth*
v. *Ahearn*, 370 Mass. 283, 286 (1976); *Olson* v. *Ela*, 8 Mass.
App. Ct. 165, 170 (1979). Gordon specifically disclaims
any notion or innuendo that Zilberman solicited or request-
ed perjured testimony from Thoele.

At first blush, Gordon's claim has some persuasive force.
It does not, however, withstand scrutiny on the truncated
record before us. Prior to trial, Thoele stated that he pur-
chased the beer at Gordon's the day before the accident,
which was a Sunday, that the cashier at Gordon's was a
middle-aged woman with curly hair, and that as he was
passing the deceased, the deceased veered from the side of
the road to avoid hitting an engine block which had been
discarded there. At trial, Thoele testified on cross-examina-
tion that he purchased the beer at Gordon's on the day of
the accident, that he could not at trial remember the de-
scription of the cashier that he had given previously on dis-
covery, and that the deceased did veer out from the side of
the road but that he, Thoele, never swerved his car.

Even if we generously construe Thoele's earlier statements
as being inconsistent with his trial testimony, we do not see
those prior statements as so favorable to Gordon as to make
proof of the settlement critical to its defense. The essential
elements of Gordon's liability are (a) that it sold liquor to
Thoele, a minor, under circumstances from which it knew
or reasonably should have known that Thoele was a minor,
(b) that Thoele drove his car while intoxicated, (c) that his
driving while intoxicated was reasonably foreseeable by
Gordon, (d) that a person of ordinary prudence would have
refrained from selling liquor to Thoele in the same circum-
stances, and (e) that Thoele's driving caused the death of
David Zilberman within the scope of the foreseeable risk.[1]

---

[1] Gordon made no allegation in its answer to Zilberman's complaint
that the negligence of Thoele or the deceased, or both, contributed to the
accident. See G. L. c. 231, § 85. See also Mass.R.Civ.P. 8(c), 365 Mass.

Cf. *Cimino* v. *Milford Keg, Inc.*, 385 Mass. at 331-332 n.9. There were no demonstrated contradictions in Thoele's statements on these issues. We see no abuse of discretion on this record in the trial judge's exclusion of the offered evidence of the settlement of Zilberman's claim against Thoele.

5. *Conduct of the Trial Judge.*

Even assuming that the sensibilities of Gordon's trial counsel were bruised by certain remarks made by the trial judge, those remarks, put in their proper context, fall far short of the "egregious" and "repeated jibes" which caused us to reverse the judgment in *Adams* v. *Yellow Cab Corp.*, 12 Mass. App. Ct. 931 (1981).

*Judgment affirmed.*

---

750 (1974). Moreover, while Gordon requested a jury instruction on contributory negligence by the deceased, no such instruction appears to have been given, and Gordon does not allege any error on this point. Gordon made no such request in respect to Thoele.