ELLENA B. MICHNIK-ZILBERMAN, individually and as
administratrix, *vs.* GORDON'S LIQUOR, INC.

Middlesex.   February 10, 1983. — August 23, 1983.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Practice, Civil,* Directed verdict, Judgment notwithstanding verdict,
Comment by judge. *Proximate Cause. Negligence,* Sale of liquor,
Motor vehicle. *Alcoholic Liquors,* Sale to minor, Motor vehicle. *Evidence,* Bias.

Sale of alcoholic beverages to a minor in violation of G. L. c. 138, § 34, is
evidence of the seller's negligence toward anyone injured as a result of
the minor's subsequent operation of a motor vehicle while intoxicated,
even though the minor is sober at the time of the sale and the seller
does not foresee the particular kind of harm which might result.
[10-12]
In a wrongful death action arising from a sale of alcoholic beverages in
a liquor store to a minor who was sober at the time of the purchase but
who some hours later while driving under the influence of alcohol
killed a person riding on a bicycle, there was sufficient evidence to permit the jury to find that the seller was negligent in making the sale to
the minor and that there was a causal relationship between the sale of
the liquor and the accident.  [12-15]
At the trial of a wrongful death action against a retail seller of alcoholic
beverages arising from the sale of beer to a minor who some hours
later, while driving under the influence of alcohol, killed the plaintiff's
husband, the judge did not abuse his discretion in refusing to permit
the defendant, on cross-examination of the minor, to question the
minor about the plaintiff's settlement of her claim against him. [15-16]
Certain comments made by the judge at the trial of a wrongful death
action were not so prejudicial as to require a new trial. [16]

CIVIL ACTION commenced in the Superior Court Department on October 11, 1978.

The case was tried before *Mitchell,* J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Michael Reilly* for the defendant.

*Joseph D. Steinfield* (*John A. D. Gilmore* with him) for the plaintiff.

ABRAMS, J.  On July 25, 1977, Thomas A. Thoele, a minor, operated an automobile after consuming alcoholic beverages purchased from the defendant, Gordon's Liquor, Inc. (store), and struck David Zilberman.  Zilberman sustained injuries and died as a result of the accident.  The plaintiff, Ellena B. Michnik-Zilberman, brought this action in Superior Court against the store to recover compensation for her husband's injuries and death.  The jury found for the plaintiff.  The Appeals Court affirmed, determining that there was evidence supporting the store's liability under the theory that the "injuries inflicted by Thoele were a foreseeable consequence of the negligent sale of alcoholic beverages to him." *Michnik-Zilberman* v. *Gordon's Liquor, Inc.*, 14 Mass. App. Ct. 533, 534 (1982).  The case came here on the store's motion for further appellate review.  We affirm.

We summarize the evidence.[1]  Late in the afternoon of July 25, 1977, Thomas Thoele, who had recently turned seventeen years of age, drove to the store and parked in its parking lot.  He entered the store, took a six-pack of twelve ounce containers of beer from the cooler, and paid the cashier.  The store had a policy of requiring identification from youthful-looking customers to avoid sales to minors.[2]  Al-

---

[1] We view the evidence in the light most favorable to the plaintiff. *Uloth* v. *City Tank Corp.*, 376 Mass. 874, 876 (1978).  We must determine "whether 'anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff.'" *Poirier* v. *Plymouth*, 374 Mass. 206, 212 (1978), quoting *Raunela* v. *Hertz Corp.*, 361 Mass. 341, 343 (1972).

[2] We refer to underage buyers as "minors" throughout this opinion, since at the time of the sale to Thoele, furnishing liquor to anyone under the age of eighteen was prohibited. G. L. c. 138, § 34, as amended through St. 1972, c. 155, § 2.  Currently, alcoholic beverages may not be sold to anyone under the age of twenty. G. L. c. 138, § 34, as appearing in St. 1979, c. 15, § 6.

though he had a young appearance at the time and had not yet begun to shave, Thoele was not asked for any identification.

Thoele drove home from the store, showered, ate dinner, and then left for the evening with the beer he had just purchased. He drank three or four beers between 8:30 P.M. and 10 P.M., and consumed some of it while in his automobile. At approximately 10 P.M., Thoele drove down Crescent Street, Waltham, where Zilberman was riding his bicycle. Zilberman was an experienced cyclist, who bicycled to and from his job once or twice a day. Thoele saw the bicycle's rear reflector about 100 feet ahead of him on the right side of the road. As he pulled forward, he hit the bicycle with the right side of his car. Zilberman died as a result of the injuries he sustained in the accident.

There was evidence that the portion of the street on which the accident occurred was straight and well-lighted. There was no sign of braking on the road, but there was evidence that Thoele's automobile hit a wooden utility pole after hitting the bicycle. Approximately eighty feet before the automobile came to the light pole, it passed an engine block resting on the edge of the road, protruding approximately fifteen to eighteen inches from the curb. Scattered around the engine block were bicycle reflector pieces, indicating that the deceased had collided with the side of the engine block.

The store asserts that there was insufficient evidence that the sale was the proximate cause of the accident. In addition, the store contends that a new trial is required because the judge refused to allow cross-examination of Thoele regarding his prior settlement with the plaintiff, and because the judge allegedly conducted the trial in a manner detrimental to the store's case.

1. *Motions for a directed verdict and for a judgment notwithstanding the verdict.* The store bases its right to appeal the sufficiency of the evidence to support a finding against it on its prior motions for a directed verdict and for a judgment notwithstanding the verdict. We need not review the

sufficiency of the evidence, however, because the store waived its right to request that review. At the close of the plaintiff's case, the store moved for a directed verdict pursuant to Mass. R. Civ. P. 50 (a), 365 Mass. 814 (1974), which the judge denied.[3] The store failed to renew the motion at the close of its case. Failure to renew the motion, as the store admits, generally results in a waiver of the right to assert error in the denial of a directed verdict. *Martin* v. *Hall,* 369 Mass. 882, 884-885 (1976). It also results in a waiver of the right to appeal the denial of the store's subsequent motion for a judgment notwithstanding the verdict. See Mass. R. Civ. P. 50 (b), 365 Mass. 814 (1974); *Sears* v. *Pauly,* 261 F.2d 304, 306-307 (1st Cir. 1958).

The store claims that several exceptions to the general rule apply to its situation. The store asserts that it should not have been required to renew its motion because the evidence it presented was "brief and inconsequential." *King* v. *G & M Realty Corp.,* 373 Mass. 658, 659-660 n.3 (1977). However, the store's evidence was not inconsequential to the outcome of the case. The store presented testimony on its long-standing policy of requiring identification and attempted to show that Thoele had not purchased the beer at the store. Thus, the evidence offered by the store went directly to matters at issue and was not inconsequential.

The store claims that if we do not review the sufficiency of the evidence, "manifest injustice" will occur because there is no evidentiary support for the verdict, citing *Sojak* v. *Hudson Waterways Corp.,* 590 F.2d 53, 54-55 (2d Cir. 1978). In reviewing the record on these grounds, we must determine whether there was any error and, if any, whether such error requires us to conclude that the verdict is "inconsistent with substantial justice." Mass. R. Civ. P. 61, 365

---

[3] Although the Appeals Court reached the same result, it rested its decision in part on the lack of specificity of the motion for a directed verdict. *Michnik-Zilberman* v. *Gordon's Liquor, Inc.,* 14 Mass. App. Ct. 533, 535-536 (1982). We think that the defendant's motion was sufficiently specific. We also note that at trial the plaintiff did not challenge the defendant's motion on the ground it lacked specificity. Cf. *Soares* v. *Lakeville Baseball Camp, Inc.,* 369 Mass. 974, 975 (1976).

Mass. 829 (1974). See *Little* v. *Bankers Life & Casualty Co.*, 426 F.2d 509, 511 (5th Cir. 1970). Finally, the store argues that it is an unprecedented step to extend liability to package stores for injuries arising from their sales to minors. We turn first to the issue whether a store is liable for injuries proximately caused by the sale of liquor to a minor.

2. *Liability of a vendor for damages caused by a minor to whom it negligently sold alcoholic beverages when the minor was not intoxicated.* The store asserts that liability extends to vendors of alcoholic beverages for injuries caused by their customers only when the sale of those beverages is to an intoxicated customer. We do not agree. It is the rule of this Commonwealth that negligence on the part of a seller or supplier of alcoholic beverages may be shown by a sale or the furnishing of those beverages to a minor, as well as to an inebriated person, as each is proscribed by statute. See G. L. c. 138, §§ 34, 69; *Carey* v. *New Yorker of Worcester, Inc.*, 355 Mass. 450, 453-454 (1969); *Dimond* v. *Sacilotto*, 353 Mass. 501, 502 (1968); *Wiska* v. *St. Stanislaus Social Club, Inc.*, 7 Mass. App. Ct. 813, 816 (1979). See also *Rappaport* v. *Nichols*, 31 N.J. 188, 202 (1959). Thus, the sale of alcoholic beverages to a minor is evidence of negligence even if the minor is not intoxicated at the time of the transaction.[4] It is the sale or furnishing of alcohol itself which is critical.

"The Legislature has in explicit terms prohibited sales to minors as a class because it recognizes their very special susceptibilities and the intensification of the otherwise inherent dangers when persons lacking in maturity and responsibility partake of alcoholic beverages . . . . It seems clear . . . that [the statutes'] broadly expressed restrictions

---

[4] The sale or furnishing of alcoholic beverages to minors is analogous to the general rule that a person may be found negligent for furnishing a dangerous instrumentality to a child who uses it to cause harm, since "the serious consequences which [follow] ought to have been foreseen and guarded against." *Pudlo* v. *Dubiel*, 273 Mass. 172, 175 (1930). The Legislature has consistently recognized that liquor is dangerous in the hands of minors. See, e.g., G. L. c. 138, § 34; St. 1933, c. 376, § 34.

were not narrowly intended to benefit the minors and intoxicated persons alone but were wisely intended for the protection of members of the general public as well." *Id.* at 201-202. *Carey* v. *New Yorker of Worcester, Inc., supra* at 455. See *Elder* v. *Fisher,* 247 Ind. 598, 603 (1966); *Davis* v. *Billy's Con-Teena, Inc.,* 284 Or. 351, 356 (1978). Once a vendor places liquor in the hands of a minor, it may set in motion the very harm which the Legislature has attempted to prevent.

The Legislature has placed on every vendor who holds a license to furnish alcoholic beverages and a concomitant right to profit from its sale the responsibility to refrain from supplying those beverages to minors or to intoxicated persons. See G. L. c. 138, §§ 34, 69. The Legislature has approved two cards, a liquor identification card and a driver's license, on which vendors of alcoholic beverages may reasonably rely to ascertain the age of youthful customers. G. L. c. 138, § 34B. A vendor may protect itself by maintaining a record of the identification card numbers, as well as the name, address, and age of any person with a youthful appearance to whom it sells liquor.[5]

In order to comply with the Legislature's objective to protect the public and minors through its prohibition of sales to underage buyers, vendors must exercise the care of a reasonably prudent person. "When a statute provides that under certain circumstances particular acts shall or shall not be done, it may be interpreted as fixing a standard for all members of the community, from which it is negligence to deviate." W. Prosser, Torts § 36, at 190 (4th ed. 1971). See Restatement (Second) of Torts §§ 285, 286 (1965). Thus, if a vendor fails to exercise due care and sells liquor to a minor, it is responsible for all proximately caused injuries.[6]

---

[5] If a store makes a mistake of fact in reasonably relying on a driver's license or liquor identification card, it may use that mistake in defending itself against a claim of negligence on its part.

[6] The store argues that while a tavern may regulate the amount its customers drink and can monitor its customers' sobriety, a package store is not in the same position. Thus, the store suggests that package stores

"The legislative policy, being clear, is not to be rendered futile of practical accomplishment," *Adamian* v. *Three Sons, Inc.*, 353 Mass. 498, 500 (1968), by absolving vendors of alcoholic beverages from all liability, but rather will be enforced so as to encourage adherence to the law.

Further, the vendor need not foresee the particular kind of harm which might occur from its negligent sales. Of course, the act and the harm must be reasonably foreseeable. One of the more foreseeable risks is that the minor may drive and cause harm to third persons while intoxicated. See *Cimino* v. *Milford Keg, Inc.*, 385 Mass. 323, 332 (1982). In the case before us, the jury found that the minor caused serious injuries and death to a third person only hours after he had purchased the liquor. "[Q]uestions of proximate and intervening cause are left to the jury for its factual determination." *Rappaport* v. *Nichols*, 31 N.J. 188, 203 (1959).

Other jurisdictions have also recognized that the sale of liquor to a minor by a vendor may be the proximate cause of injuries to a third party caused by the minor after he becomes intoxicated. See *Elder* v. *Fisher*, 247 Ind. 598 (1966); *Lewis* v. *State*, 256 N.W.2d 181, 189-192 (Iowa 1977); *Pike* v. *George*, 434 S.W.2d 626, 629 (Ky. 1968); *Munford, Inc.* v. *Peterson*, 368 So. 2d 213, 218 (Miss. 1979); *Davis* v. *Billy's Con-Teena, Inc.*, 284 Or. 351 (1978).[7]

3. *Existence of evidence supporting the verdict for the plaintiff.* The store asserts that there was no evidence that it knew or it should have known that Thoele was a minor, that he would use an automobile while intoxicated, and

---

should not be held liable for harm resulting from negligent sales to minors. We disagree. The store's argument misperceives the fundamental issue. Any vendor may be responsible for the foreseeable consequences of its negligent sale to a minor, because the vendor should completely refrain from such a sale. The ability to monitor the amount of liquor consumed by the minor is not controlling, since the Legislature deems the sale to a minor to be the same as a sale to an intoxicated person.

[7] In this case, we are dealing only with commercial vendors, not social hosts.

that Thoele's intoxication was the actual cause of the accident. We treat each of these contentions in turn, to determine whether the verdict was "inconsistent with substantial justice." Mass. R. Civ. P. 61.

The plaintiff introduced evidence to show that at the time of the sale Thoele was in fact a minor, that he had a youthful appearance,[8] that he did not shave, and that he was not asked for any identification. At trial, Thoele stated that he shaved only once or twice a week, although he was twenty-one years of age. The jury had the opportunity to judge from Thoele's appearance, as well as from other evidence, whether Thoele appeared young enough to have been a minor at the time the liquor was sold to him. See *Yost* v. *State*, 640 P.2d 1044, 1048 (Utah 1981).

Even if there were a question whether Thoele was a minor, the store could easily have complied with its policy to request identification, such as a liquor identification card or a driver's license. Had such a request been made, this might well be a different case. The Legislature has facilitated a store's ability to determine the age of a buyer, and the store's failure to do so in this case is probative on the issue whether it should have known that Thoele was a minor.[9]

The store also contends there was no evidence that it had knowledge that Thoele would use an automobile while intoxicated. Although such evidence may have been before the jury, it was not essential to a determination of liability. Since the accident occurred within the scope of the risk of the negligent sale, the plaintiff need not prove the store's ability to foresee the actual manner in which the harm

[8] A Waltham police officer who was at the scene of the accident stated that Thoele "appeared very young, small in frame, clean face." Contrary to the defendant's suggestion, this statement was not so vague as to be without evidentiary value.

[9] The store contends that the facts of this case are similar to those in *Wiska* v. *St. Stanislaus Social Club, Inc.*, 7 Mass. App. Ct. 813, 818 (1979). We do not agree. In this case, unlike *Wiska*, there was evidence that the defendant "knew or should have known or was negligent in failing to recognize that [Thoele] was a member of the class to which liquor sales are proscribed by G. L. c. 138, § 34." *Id.*

would occur.  See *Cimino* v. *Milford Keg, Inc.*, 385 Mass. 323, 332 (1982).

There was also evidence before the jury that Thoele's intoxication while driving was an actual cause of the accident. The store contests this point, arguing that the existence of the engine block in the road, and the lack of eyewitness testimony demonstrates that there was no evidence on causation before the jury.  However, we conclude that the jury had some evidence before it to determine that Thoele's intoxication was a "substantial legal factor in bringing about the harm to the plaintiff." *Tritsch* v. *Boston Edison Co.*, 363 Mass. 179, 182 (1973).  The plaintiff need not establish that Thoele's intoxicated driving was the sole cause of the accident.  *Id.*

To prove its case, the plaintiff offered evidence that Thoele was intoxicated at the time of the accident by Thoele's own admission and by the testimony of two police officers at the scene.  In addition, Zilberman was visible to Thoele from a distance of 100 feet.  There was no evidence that Thoele was confronted with oncoming traffic or unusual traffic conditions.  Rather, Crescent Street was well-lighted and thirty-five feet wide, so that a careful driver could easily have avoided striking a bicyclist. Instead, Thoele struck the bicycle along the length of his automobile.  There was evidence that Thoele did not apply his brakes and that he ran into a utility pole before stopping. Finally, the engine block protruded only fifteen to eighteen inches from the curb.  Even if Zilberman had hit the engine block, it was a question for the jury whether Thoele was negligent in being so close to Zilberman that he could not avoid striking him.

Thus, there was evidence from which the jury could infer that Thoele was at least a partial cause of the accident. While "[t]he occurrence of an accident, standing alone, is not always evidence of negligence," *Wardwell* v. *George H. Taylor Co.*, 333 Mass. 302, 305 (1955), in this case there was evidence to show that Zilberman's death was a "likely consequence of the defendant's negligence." *Dolan* v. *Suffolk*

*Franklin Sav. Bank,* 355 Mass. 665, 670 (1969). Because there was a close causal connection between the sale of liquor and the accident, *Reeves* v. *Margey,* 321 Mass. 752 (1947), is distinguishable. We conclude that there was no error in submitting the case to the jury, nor was the verdict "inconsistent with substantial justice."

4. *Motion for a new trial based on exclusion of evidence.* The store requests a new trial because the judge excluded evidence proffered by the store to show that Thoele altered his testimony in favor of the plaintiff as a result of his settlement with her, in which Thoele paid the plaintiff $5,000 in exchange for a release of all her claims against him arising from the accident.[10] The store attempted to introduce evidence of the settlement after it cross-examined Thoele by presenting his prior statements as supposedly inconsistent with, and less favorable to the plaintiff than his testimony at trial.[11] However, the judge prohibited any inquiry regarding the settlement.

The store argues that although "there was no evidence or claim that the Plaintiff solicited or requested perjured testimony," the evidence of settlement was probative to show that "Thoele changed his testimony in order to protect himself and switch the Plaintiff's interest from himself to the Defendant." The store contends that the judge erred in excluding evidence of the settlement, thus preventing it

---

[10] The store does not claim that it was not credited with the $5,000, which Thoele paid to the plaintiff. See G. L. c. 231B, §§ 1, 4.

[11] The store points to only three supposedly inconsistent statements by Thoele. None of these demonstrates a clear intent by Thoele to change his testimony to enable easier recovery by the plaintiff. The store showed that about three years prior to trial, at his deposition and in answers to interrogatories, Thoele stated that he purchased the beer the day before the accident, a Sunday, on which day the store was not open; that the cashier was a short woman with curly hair, about the age of his mother; and that as he passed the bicycle, the bicycle swerved toward him and he swerved away from it. At trial, Thoele stated on cross-examination that he purchased beer on the day of the accident; that he could not recall the appearance of the salesperson who sold him the beer; and that he did not swerve to avoid the bicycle, although he admitted making his earlier statement to that effect.

from revealing Thoele's alleged bias to the jury.  See *Dempsey* v. *Goldstein Bros. Amusement Co.*, 231 Mass. 461, 464-465 (1919).

The judge did not abuse his discretion.  The inconsistencies in Thoele's statements were relatively minor.  The store fails to show why Thoele would have altered his testimony three years after a settlement when his favorable testimony was not a requirement of the settlement and when there was no evidence that he stood to gain from inculpating the store.

The issue is not whether we would have ruled differently from the trial judge, but whether the judge erred in his determination that the probative value of the evidence was outweighed by the larger risks of prejudicial error.  We believe that the $5,000 settlement by Thoele's insurer with the plaintiff does not reflect sufficient bias on the part of Thoele to require a new trial.[12]

5. *Motions for a new trial based on prejudicial conduct of the trial judge.*  The store also requests a new trial based on the judge's comments directed toward defense counsel. See *Adams* v. *Yellow Cab Corp. of Boston & Brookline*, 12 Mass. App. Ct. 931 (1981).[13]  The primary error made in *Adams* was the suggestion that the defense attorney was attempting to hide information from the jury when he requested to be heard at side bar.  No such error occurred here.  In addition, the judge instructed the jurors that what he said was not evidence.  We conclude that the impact of the judge's comments does not warrant reversal.

*Judgment affirmed.*

---

[12] The Appeals Court relied on the fact that there were no contradictions in Thoele's statements on the critical elements of the plaintiff's case. However, as we read the record, settlement evidence was offered for its demonstration of bias rather than for its truth.  Thus, we believe that consideration to be irrelevant. *Michnik-Zilberman* v. *Gordon's Liquor, Inc.*, 14 Mass. App. Ct. 533, 542-543 (1982).

[13] The judge said to defense counsel at various times: (1) "What the little boy told the little girl told the little boy told the little girl told him is not evidence"; (2) "No.  Now you should object, see?  You don't object when you're supposed to"; (3) "[N]ever turn your back to the people you're trying to persuade"; and (4) in response to an offer of proof, "All right. All you have to do is speak into that microphone."