Toomey, J.
The matter is before this Court on the defendant’s motion for summary judgment. The defendant, Juan Miguel Delgado (“Delgado”), contends that his actions did not cause the plaintiffs loss and that the plaintiffs assertion to the contrary is an evidentially unsupported attempt to create a genuine issue of material fact. In opposition, the plaintiff, Worcester Main South, Inc. d/b/a Bay State Liquors (“Bay State”), maintains that evidence of lost profits shows actual loss caused by the defendant and the court may rely upon the transcript from a Worcester Licensing Commission hearing in finding that a genuine issue of material fact exists. For the reasons set forth below, the defendant’s motion for summary judgment is allowed.
BACKGROUND
The following facts are undisputed and are based upon the summaiy judgment record. On November 19, 1999, Delgado and three other individuals entered Bay State and emerged from the store carrying beer. Due to their youthful appearance and certain motor vehicle law violations, police officers, who had been surveilling Bay State, stopped Delgado and his companions and requested that they produce identification. In response, Delgado offered two documents to the police, to wit, a card from the Philippines, showing his date of birth as August 9, 1977, and an international license, displaying his true date of birth, August 9, 1980. As Delgado had proffered no valid license, the police arrested him and then proceeded to Bay State where they questioned the store’s owner, Francisco Ojeda, and two store employees, Jose Ojeda and Mario Vega. Subsequently, in depositions taken for this case and for a criminal action against Delgado, Francisco Ojeda stated that he believed Delgado stole the alcohol *426 as neither he nor his employees sold the beer to Delgado.
In January 2000, the Worcester License Commission conducted a hearing after which it voted to suspend Bay State's license on grounds it had sold alcohol to a minor, Delgado, in violation of Rule 6 of the License Commission Rules and Regulations and 204 C.M.R. 2.05(2). On January 24, 2000, the Commission issued a decision imposing upon Bay State a thirty-five (35) day suspension, which included a twenty-five (25) day suspension, with fifteen (15) days to be served, on account of its sale to Delgado.[1]
DISCUSSION
Summary judgment is appropriate and should be granted. “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Mass.R.Civ.P. 56(c); see Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 202 (1995); Community Nat. Bank v. Dawes, 369 Mass. 550, 553-55 (1976). The moving party bears the burden of showing the lack of a triable factual issue. See Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). If the moving party does not bear the burden of proof at trial, that party may prevail by submitting “affirmative evidence negating an essential element” of the non-moving party’s claim or “demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); see Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The nonmoving party cannot defeat the motion for summary judgment by resting on his or her pleadings and mere assertions of disputed facts to defeat the motion. See LaLonde v. Eissner, 405 Mass. 207, 209 (1989). Thus, to defeat a motion for summary judgment, the opposing party must provide evidence of specific facts that establish the existence of a factual dispute. See Pederson, 404 Mass. at 17.
Delgado contends that Bay State is unlikely to prove, at trial, that his actions caused Bay State’s lost profits. In opposition, Bay State maintains that it meets the threshold requirement of showing a factual dispute as to causation by demonstrating that its profits, lost during the period of suspension, resulted from Delgado’s misrepresentation as to his age. For the reasons stated infra, Delgado’s position will prevail.
To pursue a claim for deceit, “a plaintiff ordinarily must show that the defendant made a false statement of material fact with knowledge of its falsity in order to induce the plaintiff to act, together with a reliance by the plaintiff on the false statement to the plaintiff s detriment.” Rood v. Newberg, 48 Mass.App.Ct. 185, 192 (1999); see Danca v. Taunton Sav. Bank, 385 Mass. 1, 8 (1982); Slaney v. Westwood Auto, Inc., 366 Mass. 688, 703 (1975). Damages claimed must directly result from the defendant’s misrepresentation or deceit. See Poly v. Moylan, 423 Mass. 141, 149 (1996) (“Proof of damages flowing from misrepresentations is essential to recovery”); Cardullo v. Landau, 329 Mass. 5, 7 (1952); Joseph R. Nolan & Laurie Sartorio, Tort Law, 37 Mass. Prac. §146, at 252 (2d ed. 1989 & Supp. 2002); see also Van Brode Group, Inc. v. Bowditch & Dewey. 36 Mass.App.Ct. 509, 517 (1994) (“It is fundamental that a tort action cannot be sustained without proof of damages . . .”). In the circumstances depicted by this Rule 56 record, Bay State is not likely to offer at trial evidence from which a trier of fact might reasonably conclude that Delgado caused damage to Bay State.
Liquor licensees are burdened by a strict obligation not to sell to minors. See Michnik-Zilberman v. Gordon’s Liquor, Inc., 390 Mass. 6, 11 (1983); G.L.c. 138, §§34, 69. Currently enacted legislation prohibits the sale of alcohol to minors due to their “very special susceptibilities and the intensification of the otherwise inherent dangers when persons lacking in maturity and responsibility partake of alcoholic beverages.” Michnik-Zilberman, 390 Mass. at 10, quoting Rappaport v. Nichols, 31 N.J. 188, 202 (1959); see Tobin v. Norwood Country Club, Inc., 422 Mass. 126, 133-34 (1996) (stating that the legislature has recognized the danger of furnishing alcohol to minors). To this end:
[t]he Legislature has approved two cards, a liquor identification card and a driver’s license, on which vendors of alcoholic beverages may reasonably rely to ascertain the age of youthful customers. A vendor may protect itself by maintaining the name, address, and age of any person with a youthful appearance to whom it sells liquor.
Michnik-Zilberman, 390 Mass. at 11; see G.L.c. 138, §34B; see also Murray’s Liquors, Inc. v. Alcoholic Bevs. Control Comm’n, 48 Mass.App.Ct. 100, 101-03 (1999) (licensed liquor vendor that reasonably relies on a Massachusetts driver’s license as proof of age is presumed to have exercised due care in making a sale). And, the Legislature, via its enactment of G.L.c. 138, intended to protect not only minors, but also members of the general public who might be placed in jeopardy by minors impaired by alcohol consumption. See Michnik-Zilberman, 390 Mass. at 10-11; Carey v. New Yorker of Worcester, Inc., 355 Mass. 450, 455 (1969). Those burdens placed on vendors by the Legislature suggest that the threshold vendors must hurdle to demonstrate causation ought to be set high in the interests of insuring that vendors maximize their public protection efforts.
The issue of a minor’s liability for a liquor store’s damages arising from its sale of alcohol to the minor is a novel one in Massachusetts. However, three other jurisdictions have considered and rejected licensed liquor vendors’ attempts to recover lost profits due to license suspensions resulting from underage sales. *427 See Sanctuary, Inc. v. Smith. 733 P.2d 839, 840 (Kan.Ct.App. 1987) (stating that “since the purpose of the law is to regulate by placing strict liabilities on the [licensed liquor vendor], fraud, as a matter of law. does not lie as a cause of action in this particular matter” (citation omitted)); Faces, Inc. v. Kennedy, 447 A.2d 592, 596-97 (N.J.Super.Ct.LawDiv. 1981) (holding that the proximate cause of the licensed liquor vendor’s suspended license and lost profits was its own failure to procure a written representation of patron’s ages); Ray’s Liquors, Inc. v. Newland, 367 N.E.2d 982, 984-85 (Ill.App.Ct. 1977) (barring a liquor store’s action against a minor on the basis of public policy). As outlined above, the burden imposed by sister states falls heavily upon vendors and mandates that they require acceptable identification from patrons in order to ensure vendees are of legal age to purchase alcohol. See also Michnik-Zilberman, 390 Mass. at 11; G.L.c. 138, §34B; Murray’s Liquors, Inc. v. Alcoholic Bevs. Control Comm'n, 48 Mass.App.Ct. 100, 101-03 (1999). As the Superior Court of New Jersey succinctly stated:
Plaintiffs contention that defendant’s fraudulent misrepresentation caused the suspension of plaintiff s liquor license misses the point; it was the failure of plaintiff to obtain a written representation as to age after the defendant’s oral misrepresentation that caused the suspension of plaintiffs liquor license. Therefore, it will not be permitted to create a cause of action as a result of its failure.
The proximate cause of plaintiffs suspension of its license and resultant damages was its failure to get a written representation as to age, and that was the efficient causethe one which set up the ultimate result.
Faces, Inc., 447 A.2d at 597. Massachusetts should be no less vigilant in insisting that vendors scale lofty heights if they are to prevail on a cause of action founded on their serving of underage patrons.
In the instant matter, Bay State’s submission of sales logs and receipts fails so to scale. Bay State has not demonstrated that its lost profits resulted from Delgado’s conduct, whether misrepresentation or theft. This Court is persuaded, therefore, that, although Bay State may have satisfied its obligation to call for age documentation from Delgado, proof of damages to Bay State, directly resulting from Delgado’s misrepresentation of his age, is unlikely to be forthcoming at trial.[2]
ORDER
Therefore, for the foregoing reasons, it is hereby ORDERED that the defendant’s motion for summary judgment be ALLOWED.

 The balance of the thirty-five (35) days was attributable to a twenty (20) day suspension imposed in connection with a May 27, 1999 matter in which Bay State was penalized for selling alcohol to another minor.

 The result reached herein renders unnecessary a determination as to whether or not Bay State has demonstrated a genuine issue of material fact with respect to the allegation that Delgado stole the alcohol from Bay State.