Tucker, Richard T., J.
FACTUAL BACKGROUND
This is a civil action in which the plaintiff Danny Basore, Administrator of the Estate of Leslie T. Skirvin, seeks damages for the wrongful death of Leslie T. Skirvin. The named defendants include the physicians and institutions who allegedly performed roles in the harvesting of organs from a donor at UMass Medical Center, Inc. and the transplantation of such kidneys within Leslie T. Skirvin (“Skirvin”). Skirvin ultimately died following his transplantation surgeiy on February 4, 2002 from complications allegedly resulting from the cancerous kidneys received from the donor. The plaintiff claims in this action that the named physician defendants and the medical entities were negligent in their failure to discover the cancerous nature of the organs harvested from the donor, their harvesting of said organs in such a state and the transplantation of, in this case, kidneys to Skirvin who thereafter died as an alleged result of receiving the cancerous organs.
The instant action has been consolidated for discovery purposes with the related case of Gonzalez v. Katz et al., Worcester Civil Action No. 2005-0217, which involves similar claims by the estate of the patient who ultimately died following the transplantation of an alleged cancerous liver harvested from the same donor.
The defendants, Elaine Tseng, M.D. (“Tseng”) and Stephen C. Yang, M.D. (“Yang”), are physicians who both practice medicine at the defendant, Johns Hopkins Hospital in Baltimore. It is alleged that the defendant Tseng came to Massachusetts and participated in the harvesting of organs from the donor, and recovered the donor’s lungs at that time for transplantation to a waiting patient in Baltimore. It is further alleged that at the time of the removal of the lungs from the donor, Tseng was made aware of several large lymph nodes in the mediastinum portion of the donor’s chest cavity and inquiries were made of Tseng whether a biopsy should be performed to determine if cancer was present in these nodes. It is alleged that Tseng responded in the negative and a biopsy of these nodes was not performed until after the transplantation of the lungs, liver, heart and kidneys of the donor. Metastasized Glioblastoma multiforme brain tumor cells were found during biopsy of these nodes following the organs’ transplantations. Tseng and her surgery chief, Yang, have moved to dismiss the instant complaint, along with the defendant, Johns Hopkins Hospital, setting forth a number of affirmative defenses by which it is alleged that the plaintiff cannot prove his case. Specifically, these Hopkins defendants state that the plaintiff has failed to state a claim upon which relief can be granted, that these defendant doctors owed no duty of care to Skirvin who was not their patient, that the Promotion of Anatomical Science Act (PASA) provides immunity and that a recent Supreme Judicial Court decision, which might arguably impact the duty of these defendants to a non-patient, *58 Coombes v. Florio, 450 Mass. 182 (2007), should not be applied retroactively in regards to the actions in issue all of which took place in 2002.
For the reasons stated below, the Court concludes that the defendants’ Motion to Dismiss must be Denied.
Standard for Review
The standard for review on a motion to dismiss pursuant to Rule 12(b)(6) or under Rule 12(c), motion for judgment on the pleadings, is well settled within Massachusetts jurisprudence. The Court must accept as true “the allegations of the Complaint, as well as such inferences as may be drawn therefrom in the plaintiffs favor ...” Blank v. Chelmsford Ob/Gyn, P.C., 420 Mass. 404, 407 (1995). A complaint must stand and will not be dismissed “unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977); Warner/Lambert Co. v. Execuquest Corp., 427 Mass. 46, 47 (1998).
While accepting the plaintiffs well pleaded allegations as being true, the Court may not accept mere “labels and conclusions” or speculation. A plaintiffs obligation is to set forth facts in the complaint which provides grounds of his entitlement to relief which would be beyond a speculative level. Thus what is required at the pleading stage is a complaint which sets forth fact “allegations plausibly suggesting (not merely consistent with) an entitlement to relief ...” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).
ANALYSIS
The defendants argue that the plaintiff has no cognizable claim against them because (1) no doctor patient relationship exists and the defendants did not owe a duty of care to Skirvin; (2) the decision of Coombs v. Florio cannot be given retroactive affect; (3) they are immune from liability under the Promotion of Anatomical Science Act (PASA) and (4) this Court lacks personal jurisdiction over them, they being residents of Maryland.
While it is true that a traditional doctor patient relationship does not exist between the defendants Tseng, Yang and the plaintiff Skirvin, it cannot be denied, that the alleged harvesting of an organ (lung) by Tseng without heeding signs of metastatic cancer and performing a biopsy of the enlarged nodules, exposed Skirvin and the other potential recipients of harvested organs to the same risks of harm as his own patient during and after lung transplantation. Despite this similar harm, these defendants argue that their sole obligation under the law consisted of a duly of professional care owed to their lung recipient patient at the John Hopkins Hospital and not to unknown possible recipients of other harvested organs.
Defendants argue further that the case of Coombes v. Florio, 450 Mass. 182 (2007), does not impose upon them duties to those other than their own patient. In Coombes, a physician who failed to warn his patient adequately that he should not drive while taking certain medications could be found to have violated a duty of care to a person injured when the physician’s patient injured another in a motor vehicle accident as a result of succumbing to the side effects of the medication.
The Coombes court indicated clearly that the suit was not one of medical malpractice since there was lacking, as in the present case, a physician-patient relationship between the patient and defendant. However, long standing negligent law holds that “a defendant owes a duly of care to all persons who are foreseeably endangered by his conduct, with respect to all risks which make the conduct unreasonably dangerous.” Id. at 187; Jupin v. Kask, 447 Mass. 141, 147 (2006). See also, Commerce Ins. Co. v. Ultimate Livery Service, 452 Mass. 639 (2008). The Coombes court went on to analyze the foreseeability of the risk that an impaired driver might cause an automobile accident and compared that to other areas in which the law has extended a duty of reasonable care to third persons. Id. at 188. See Michnik-Zilberman v. Gordon’s Liquor, Inc., 390 Mass. 6, 7-8, 10-12 (1983) (liquor store liability for sale of alcohol to a minor to an injured cyclist struck by the minor’s vehicle); Jesionek v. Massachusetts Port Authority, 376 Mass. 101, 106(1978) (liability of owner of forklift who negligently left key in the ignition to a third party who was struck by the forklift when an inebriated driver operated the same); Adamian v. Three Sons, Inc., 353 Mass. 498, 501 (1968) (negligence of an establishment serving alcohol extended to a motorist killed in a collision with automobile driven by patron who became intoxicated at the establishment).
The Coombes court went on to analyze cases that upheld such a duty being owed to third parties, even when the unreasonable dangerous condition involved the foreseeable criminal or negligent conduct of an intermediary. Coombes, supra at 189.
In the instant action it is certainly reasonable to conclude that it was foreseeable that the negligent harvesting of organs, despite signs of metastasized cancer, presented a risk to patients who might receive organs from said donor. It is therefore reasonably foreseeable that a risk would exist to these third-party recipients if care commensurate to the risk was not performed by the harvesting physicians. In this regard a legal duty does exist, not within medical malpractice liability terms, but under general negligence principles requiring Tseng to exercise due care in the harvesting of the lungs in issue so as not to unreasonably endanger by her conduct those who might thereafter foreseeably be affected by her actions. See, Commerce Ins. Co. v. Ultimate Livery Service, 452 Mass. 639 (2008) (livery service who deposited inebriated customer at his motor vehicle at the end of the evening may be held liable to persons injured by the inebriated operator).
*59 Defendants claim however that Coombes should not be applied retroactively since it is a decision of our Supreme Judicial Court rendered in December of2007 and the actions complained of herein, i.e. removal of the lungs at the UMass Memorial Hospital, took place in February of 2002. Although the Coombes decision is a plurality decision, its legal basis, that being general negligence principles, is certainly not unique or unknown. The decision therefore does not state new law; the decision applies existing law to unique facts. There is no reason why the Coombes principles of negligence law should not be applied for the actions involved in the instant matter.
Although Judge Locke made clear in his December 27, 2006 order that the affirmative defense of immunity based upon the Promotion of Anatomical Science Act, (PASA) as set forth in Massachusetts General Laws Chapter 113, Sections 1-14 should be stricken as a defense, the defendants raise this defense again. The ruling by Judge Locke in this case and the analysis that he incorporates from the ruling of Judge Agnes of July 19, 2006 in the Consolidated Case of Gonzalez v. Katz [21 Mass. L. Rptr. 351] are and shall be the law of the case in this matter and this affirmative defense shall remain stricken.
Additionally, the defendants argue that there is no basis for gross negligence or punitive damages under the wrongful death statute. This however, is certainly a fact-driven issue and cannot be decided on a motion to dismiss which assesses only the legal sufficiency of the plaintiffs complaint. Trial on the merits must be had to decide that issue.
Similarly, plaintiffs allegations that personal jurisdiction exists over these defendants under M.G.L.c. 223A, §3 as a result of defendants “causing tortious injury by acts or omissions in the Commonwealth of Massachusetts . . .” appears, at least at this stage before any substantial discovery has been made of these defendants, to be sufficient.
Lastly, the issues of Dr. Yang’s liability and that of Johns Hopkins Hospital resulting from agency principles or claims of negligent supervision over the actions of Dr. Tseng also await further factual determination and can not be decided upon a motion to dismiss.
ORDER
For the above stated reasons, the Motion to Dismiss of Elaine Tseng, M.D., Stephen C. Yang, M.D. and Johns Hopkins Hospital is DENIED.