Eric MANSFIELD, Plaintiff,

v.

The CIRCLE K. CORPORATION,
Defendant.

No. 82577.

Supreme Court of Oklahoma.

July 5, 1994.

Michael M. Blue, John M. Merritt, Michael T. Rooney, James M. Hays, III, Oklahoma City, for plaintiff.

Jeff R. Beeler, Tracy L. Pierce, Oklahoma City, for defendant.

KAUGER, Justice.

■ The issue presented by the question certified is whether a cause of action exists against a commercial vendor who sells beer to a minor[1] if the minor suffers alcohol-related injuries after drinking the beer off-the-premises of the vendor. We find that a commercial vendor is prohibited by statute from selling beer to minors. The statutory proscription against the sale of beer to a minor is not limited to on-the-premises consumption. If the minor is injured after consuming beer purchased from the vendor, the minor may have a cause of action against the vendor.

## FACTS

On April 21, 1989, Eric Mansfield, (Mansfield/minor), a twenty-year-old Wisconsin resident, purchased 3.2% beer from the Circle K Corporation (Circle K/convenience store) in Norman, Oklahoma, in violation of 37 O.S.Supp.1989 § 246.[2] The convenience store neither inquired as to the age of the

---

1. A minor for purposes of alcoholic beverage and nonintoxicating beverage control statutes and as utilized in this opinion is defined as a person under the age of twenty-one. Title 37 O.S.1991 § 241, see note 3, infra. Title 37 O.S.1991 § 163.2, see note 2, infra.

2. Title 37 O.S.Supp.1989 § 246 provides in pertinent part:
   "A. No person under twenty-one (21) years of age shall (1) consume or (2) possess with intent to consume nonintoxicating beverages, as defined in Section 163.2 of this title, in any public place. Any person violating any of the provisions of this section shall be guilty, upon conviction, of a misdemeanor and punished by a fine not to exceed One Hundred Dollars

($100.00) or by appropriate community service not to exceed twenty (20) hours...."
Title 37 O.S.Supp.1989 § 163.2 provides in pertinent part:
   "(a) 'Nonintoxicating beverages' means and includes beverages containing more than one-half of one percent (½ of 1%) alcohol by volume, and not more than three and two-tenths percent (3.2%) alcohol by weight, including but not limited to beer...."
Sections 246 and 163.2 were amended in 1990; however, the pertinent parts of § 163.2 remain unchanged and § 246 makes it unlawful for a minor to purchase or attempt to purchase nonintoxicating beverages with an exception if a minor is under the supervision of law enforcement officers.

minor nor asked for any proof of identification, and it sold the beer to Mansfield in violation of 37 O.S.Supp.1989 § 241.[3] Mansfield was accompanied by another minor at the time of the purchase. The two minors left the store in a car with a group of minors and drove to a fraternity house.

Mansfield, after drinking the beer which he had purchased from the convenience store, dove into the fraternity's above-ground, makeshift swimming pool and broke his neck. On May 12, 1989, he filed a complaint against the fraternity. After settling with the fraternity, Mansfield filed a complaint against the convenience store on December 31, 1991, in the United States District Court of the Western District of Oklahoma. Mansfield alleged that Circle K negligently sold beer to him which resulted in his injuries. He further alleged that Circle K was negligent *per se* because it violated local ordinances and state law which prohibit selling beer to a minor.

The convenience store filed a motion for summary judgment requesting that the trial court find that it was entitled to a judgment as a matter of law because: 1) Mansfield failed to state a cause of action because Oklahoma law does not recognize a civil cause of action against a commercial vendor who sells beer to a minor who consumes the beverage off-the-premises; 2) the injuries were not caused by Circle K; 3) Mansfield was equally criminally at fault; and 4) the convenience store was not negligent *per se.* Finding no Oklahoma precedent to resolve the questions of law, the trial court certified the question to this Court pursuant to the Uniform Certification of Questions of Law Act, 20 O.S.1991 § 1601 et seq.

**A COMMERCIAL VENDOR IS PROHIBITED BY STATUTE FROM SELLING BEER TO MINORS. A COMMERCIAL VENDOR'S STATUTORY DUTY NOT TO SELL BEER TO A MINOR IS NOT LIMITED TO ON-THE-PREMISES CONSUMPTION. IF A MINOR IS INJURED AFTER CONSUMING BEER PURCHASED FROM THE VENDOR, THE MINOR MAY HAVE A CAUSE OF ACTION AGAINST THE VENDOR.**

Mansfield argues that an injured minor has a cause of action against a commercial vendor who wrongfully sells beer to a minor. Circle K contends that the minor's voluntary consumption relieves the convenience store from any liability.

⬛ Courts may recognize a cause of action if they conclude that a defendant owes a duty of care to the plaintiff. In such cases, the standard of conduct is that of a reasonably prudent person under the same or similar circumstances.[4] If, however, there are criminal or regulatory statutes which delineate the defendant's conduct, courts may adopt the conduct required by the statutes as that which would be expected of a reasonably prudent person—providing courts believe the statutorily required conduct is appropriate for establishing civil liability.[5] When courts adopt the statutory standard for a cause of action for negligence, the violation of the statute is said to be negligence *per se.*[6] The violation of a statute constitutes negligence *per se* if the other elements of negligence are present. To establish negligence *per se* on the basis of a statutory violation the party must establish that: 1) the injury was caused by the violation; 2) the injury was of a type intended to be prevented by the statute; and

---

**3.** Title 37 O.S.Supp.1989 § 241 provides in pertinent part:

"A. It shall be unlawful for any person who holds a license to sell and dispense nonintoxicating beverages, as defined in Section 163.2 of this title, or any agent, servant, or employee of said license holder to sell, barter, or give to any person under twenty-one (21) years of age any beverage containing more than one-half of one percent (½ of 1%) of alcohol measured by volume and not more than three and two-tenths percent (3.2%) of alcohol measured by weight...."

Section 241 was amended in 1990 and 1991. Under the new statute it is illegal for a license holder to permit underage persons to consume nonintoxicating beverages on the licensed premises. The new version also provides that any violation of this section, upon conviction, is a misdemeanor.

**4.** *Miller v. City of Portland,* 288 Or. 271, 604 P.2d 1261, 1264 (1980).

**5.** *Id.* 604 P.2d at 1264.

**6.** *Id.*

3) the injured party was of the class meant to be protected by the statute.[7]

In *Brigance v. Velvet Dove Restaurant, Inc.*, 725 P.2d 300, 304 (Okla.1986), we held that a vendor who sold intoxicating beverages to a minor for on-the-premises consumption was under a duty to exercise reasonable care not to sell liquor to a noticeably intoxicated person who later injured a third person.[8] In *Brigance*, a restaurant owner sold alcohol for on premises consumption to a group of noticeably intoxicated minor consumers. After leaving the restaurant, one of the minors drove his car while drunk and wrecked it, injuring a minor passenger. We recognized, in such a situation, that it was not unreasonable to expect a commercial vendor to foresee that there would be an unreasonable risk of harm to others who might be injured by an intoxicated person's impaired ability to operate an automobile. We held that even if a breach of duty occurred, a plaintiff was required to show that the illegal sale of alcohol led to the impairment of the ability of the driver and that the impairment was a proximate cause of the injury.

Last year, we addressed the issue of whether *Brigance* extended to off-the-premises consumption when a commercial vendor sold beer to minors in *Tomlinson v. Love's Country Stores, Inc.*, 854 P.2d 910 (Okla. 1993). In *Tomlinson*, a convenience store owner, who apparently knew that the minors intended to drink while driving, sold beer to three minors. The vehicle crashed and one of the minors, a passenger, was killed. Citing cases which support the holding of *Brigance*, we found that commercial vendors have a duty not to sell beer to a person under the age of twenty-one. A vendor who illegally sold beer to minors could be found liable regardless of whether consumption was on- or off-the-premises of the vendor.

In *Busby v. Quail Creek Golf & Country Club*, (1994) 65 O.B.J. 1945, —— P.2d —— (Okla.1994), we held that a consumer-inebriate would have a cause of action against a commercial vendor if that consumer is a minor and is injured as a result of the minor's intoxication. The question presented in the present case is whether liability for a commercial vendor who illegally sells beer to minors extends off-the-premises of the vendor.

The same reasoning that led this Court to allow a negligence action for injury in *Busby* and *Tomlinson*, supports an action here. In *Tomlinson*, we cited several jurisdictions which extended liability for the illegal sale of alcoholic beverages by vendors to minors for consumption off-the-premises.[9] *Tomlinson*

---

7. *Ohio Cas. Ins. Co. v. Todd*, 813 P.2d 508, 510 (Okla.1991); *Boyles v. Oklahoma Natural Gas Co.*, 619 P.2d 613, 618 (Okla.1980).

8. We noted that a breach of duty constituted a public offense under 37 O.S.Supp.1985 § 537 which provides in pertinent part:

"A. No person shall:
1. Knowingly sell, deliver, or furnish alcoholic beverages to any person under twenty-one (21) years of age;
2. Sell, deliver or knowingly furnish alcoholic beverages to an intoxicated person or to any person who has been adjudged insane or mentally deficient...."

Title 37 O.S.Supp.1985 § 506 provides in pertinent part:
"... 3. 'Alcoholic beverage' means alcohol, spirits, beer, and wine as those terms are defined herein and also includes every liquid or solid, patented or not, containing alcohol, spirits, wine or beer and not capable of being consumed as beverages by human beings, but does not include nonintoxicating beverages as that term is defined in Section 163.2 of this title.

4. 'Beer' means any beverage containing more than three and two-tenths percent (3.2%) of alcohol by weight...."

Title 37 O.S.Supp.1985 §§ 537 and 506 were amended effective June 15, 1991, and July 1, 1990, respectively; however the pertinent parts remain the same as the 1991 version. Title 37 O.S.Supp.1989 § 163.2 see note 2, supra. In *Sanders v. Crosstown Market, Inc.*, 850 P.2d 1061, 1063 (Okla.1993), we recognized that while 37 O.S.1991 § 537 prohibits the sale of alcoholic beverages to minors, the section did not apply to 3.2% beer because 3.2% beer is not defined as an alcoholic beverage. Instead, 37 O.S.1991 § 241, see note 3, supra, applies when 3.2% beer is involved.

9. *Anderson v. Moulder*, 183 W.Va. 77, 394 S.E.2d 61, 68 (1990) (Sale of beer to minor by vendor gives rise to civil action against vendor for injuries suffered by minor.); *Matthews v. Konieczny*, 515 Pa. 106, 527 A.2d 508, 512 (1987) (Commercial licensee can be held liable to third party for damages proximately caused by service of alcohol to minor.); *Michnik–Zilberman v. Gordon's Liquor*, 390 Mass. 6, 453 N.E.2d 430, 433 (1983)

involved a minor passenger who was injured. However, in *Busby*, we recognized that jurisdictions which allow a cause of action against commercial vendors on behalf of minors who voluntarily drink to the point of intoxication and are thereby injured, do not distinguish between injured minor passengers and minors who purchase alcohol or who are served alcohol and later injure themselves.[10]

The public policy is consistent where minors are involved. A statutory duty is imposed on commercial vendors because legislatures, when enacting statutes prohibiting the sale of beer to minors and prohibiting minors from purchasing or possessing beer seek to protect, in part, the minor from the effects of alcohol. The fact that minors violate statutes when purchasing or consuming beer does not preclude a cause of action—because as between the seller and the minor—it is the seller who is the responsible party in the action. The vendor can facilitate the protection of minors by attempting to determine the age of the consumer and by refusing to sell to minors.

Here, and in *Tomlinson*, alcohol was sold illegally to a minor for consumption off-the-

premises. In both cases, the minor became intoxicated from the alcohol illegally sold by the vendor. The distinction between *Tomlinson* and the present case is that Mansfield injured himself by diving into a makeshift swimming pool rather than incurring injury as passenger in an automobile accident caused by the intoxicated condition of a minor driver. Both here and in *Busby*, alcohol was illegally sold to a minor; and the minor was injured after becoming intoxicated from the alcohol illegally sold by the vendor. The only distinction between *Busby* and the present case is that Mansfield purchased the beer and then left the premises in an automobile to drink it, rather than remaining on the vendor's premises. This distinction does not insulate the vendor from the liability of its illegal action. In *Brigance v. Velvet Dove Restaurant, Inc.*, 725 P.2d 300, 304 (Okla. 1986), we noted that:

"The automobile is a constant reminder of a changed and changing America. It has made a tremendous impact on every segment of society, including the field of jurisprudence. In the 'horse and buggy' days the common law may not have been significantly affected by the sale of liquor to an

(Third party had cause of action against a liquor store who negligently sold beer to a minor.); *Brookins v. The Round Table, Inc.*, 624 S.W.2d 547, 549–550 (Tenn.1981) (Prohibitions against minors to purchase or possess alcoholic beverages are intended to protect minors.); *Munford, Inc. v. Peterson*, 368 So.2d 213, 217 (Miss.1979) (Violation of statute prohibiting sale of beer to minor was negligence *per se.*); *Davis v. Billy's Con–Teena*, 284 Or. 351, 587 P.2d 75, 77 (1978) (Although superseded by statute, recognized that one purpose of statute forbidding sale of liquor to minor is to protect persons injured by inebriated minors.); *Freeman v. Finney*, 65 N.C.App. 526, 309 S.E.2d 531, 535–36 (1983) (Third party has a cause of action against a vendor who sells beer to a minor in violation of statute.); *Chausse v. Southland Corp.*, 400 So.2d 1199, 1203 (La.App. 1981) (Minor passenger had cause of action against vendor who sold beer to minor.).

**10.** *Anderson v. Moulder*, see note 9, 394 S.E.2d at 68, supra, (Illegal sale by vendor gives rise to a cause of action in favor of purchaser or third party.); *Bissett v. DMI, Inc.*, 220 Mt. 153, 717 P.2d 545, 547 (1986) (Violation of alcoholic beverage control statutes by vendor in serving a minor was evidence of negligence and supported a claim in favor of minor who injured herself); *Brannigan v. Raybuck*, 136 Ariz. 513, 667 P.2d 213, 216–17 (1983) (Commercial vendor is under a statutory and common law duty to minor,

including driver and passengers who were served beer. Subsequently Arizona enacted dramshop statutes which recognize liability toward minors, but not adults.); *Morris v. Farley Enterprises, Inc.*, 661 P.2d 167, 168 (Alaska 1983) (Statute prohibiting sale to minors was for protection of customer as well as third parties because statutes prohibiting the sale of alcohol to minors protect both the minor and third parties.); *Brookins v. The Round Table, Inc.*, see note 9, 624 S.W.2d at 550–51, supra (Minor passenger who purchased alcohol illegally had a cause of action against vendor who sold alcohol to minor.) Statutes prohibiting sale of intoxicants to minors give rise to a cause of action in favor of the minor who purchased and was later injured. *Davis v. Shiappacossee*, 155 So.2d 365, 367 (Fla.1963); *Puglia v. Drinks on The Beach, Inc.* 457 So.2d 519, 521 (Fla.App.2 Dist.1984); *Young v. Caravan Corp.*, 99 Wash.2d 655, 663 P.2d 834, 838 (1983); *Porter v. Ortiz*, 100 N.M. 58, 59, 665 P.2d 1149, 1150 (Ct.App.1983); *Sampson v. W.F. Enterprises, Inc.*, 611 S.W.2d 333, 336–37 (Mo.App.1980) (Although later superseded by statute recognized that a violation of a statute gave rise to a cause of action.); *Ross By Kanta v. Scott*, 386 N.W.2d 18, 22 (N.D.1986) (Recognized liability under dram shop act when penal statute prohibiting sale of alcohol was violated.).

intoxicated person. The common law of nonliability was satisfactory. With today's car of steel and speed it becomes a lethal weapon in the hands of a drunken imbiber. The frequency of accidents involving drunk drivers are commonplace. Its affliction of bodily injury to an unsuspecting public is also of common knowledge. Under such circumstances we are compelled to widen the scope of the common law."

Here, the injured minor was neither an unsuspecting member of the public nor a drunk driver. However, a minor differs from an adult by reason of his/her immaturity, and as such the statutory duty of a commercial vendor should include protection of the minor regardless of whether consumption was on- or off-the-premises. As the Supreme Judicial Court of Massachusetts in *Michnik–Zilberman v. Gordon's Liquor*, 390 Mass. 6, 453 N.E.2d 430, 433–34 (1983) stated:

> "The Legislature has placed on every vendor who holds a license to furnish alcoholic beverages and concomitant right to profit from its sale the responsibility to refrain from supplying those beverages to minors or intoxicated persons."

This law is consistent with legislative attempts to prevent intoxicated persons from driving [11] and to prevent minors from consuming and possessing alcohol.[12] The Legislature, recognizing the foreseeable danger to both third parties and to minors who injure themselves, has taken specific steps to treat minors differently from adults.

■ The reasoning of *Busby* and *Tomlinson* support a finding that a cause of action exists under the facts presented here. There is no distinction between on- and off-the-premises consumption for liability purposes.

Accordingly, we find that a commercial vendor is prohibited by statute from selling beer to minors. If a minor is injured after consuming beer purchased from the vendor, the minor may have a cause of action against the vendor. However, we recognized in *Busby* that, if the statutory standard of conduct were applied rigidly, a vendor selling alcohol or beer to a minor might be held to have breached the duty even though the minor produced false identification. Nevertheless, a vendor may be able to show such a violation is excusable if it can establish that the purchaser appeared to be of age and that the vendor used reasonable means of identification to ascertain the minor's age. Where negligence exists as a matter of law if a commercial vendor violates 37 O.S.Supp.1989 § 241,[13] under proper facts a jury may find the violation excusable.

■ The statutory duty of refraining from selling or furnishing liquor to persons—who by reason of immaturity or previous overindulgence—may lack full capacity of self-control and may therefore injure themselves is imposed on a commercial vendor. If beer is negligently sold to a person under the age of twenty-one, the vendor has breached this duty. If the minor, after consuming the beer negligently sold by the vendor, is injured as a result thereof, the minor has an actionable claim against the vendor. Nevertheless, where a defendant breaches a duty imposed by statute, the plaintiff is required to show that the violation of the statute was the direct cause of the injury.[14]

■ The question of causation in a negligent tort case is one of fact for the jury. It becomes one of law only when there is no evidence from which the jury could reason-

---

11. The Legislature has taken steps to prevent drunk driving by holding the intoxicated person criminally liable for driving drunk. Title 47 O.S.1991 § 11–902 makes it unlawful to drive under the influence of alcohol or other intoxicating substances. Title 47 O.S.1991 § 11–904 subjects persons involved in accidents while driving in violation of Section 902 to criminal sanctions. Title 47 O.S.1991 § 761 provides criminal sanctions for operating a vehicle while impaired by consumption of alcohol.

12. Title 37 O.S.1991 § 241, see note 3, supra. Title 37 O.S.1991 § 246, see note 2, supra. Title 21 O.S.1991 § 1215 makes it unlawful for persons under 21 to possess intoxicating beverages

over 3.2%. Title 37 O.S.1991 § 538 provides criminal penalties for a person under the age of twenty-one to misrepresent their age or presenting false documentation of age to induce any person to sell or serve them alcohol.

13. Title 37 O.S.Supp.1989 § 241, see note 3, supra.

14. OUI, 2d Civ. No. 9.10. OUI, 2d, Civ. No. 9.6 defines direct cause as a cause which, in a natural and continuous sequence, produces injury and without which the injury would not have happened.

ably find a casual link between the negligent act and the injury or where the facts are undisputed.[15] A jury could find that the injury from the breach of the duty is reasonably foreseeable and the direct cause of the injury. A vendor is not relieved of the duty because the minor violated the law in attempting to purchase beer. However, a jury may also conclude that the minor was also at fault by attempting to purchase or by consuming beer in violation of the law.[16]

## CONCLUSION

Under Oklahoma law, a commercial vendor has a statutory duty not to sell beer to minors. This duty is consistent with jurisdictions that recognize that minors are treated differently than adults. A statutory duty is imposed on commercial vendors in order to protect minors from the effects of alcohol. The statutory duty exists whether consumption is for on- or off-the-premises of the commercial vendor.

The fact that the minor violated the law when purchasing or consuming beer does not prevent a cause of action because—as between the seller and the minor—it is the seller who is the responsible party in the action. The vendor can facilitate the protection of minors by complying with the statutes, determining the age of the consumer and refusing to sell to minors.

**QUESTION ANSWERED.**

LAVENDER, V.C.J., and SIMMS, HARGRAVE, OPALA, ALMA WILSON and WATT, JJ. concur.

**15.** *Hampton By And Through Hampton v. Hammons,* 743 P.2d 1053, 1057 (Okla.1987).

**16.** The Oklahoma Legislature has adopted comparative negligence, 23 O.S.1991 § 13, which no longer completely bars a plaintiff from recovery if the plaintiff is partially at fault. While a cause of action is allowed because the vendor is the more responsible party when the vendor illegally sells beer to a minor and a minor illegally pur-

HODGES, C.J., concurs in result.

SUMMERS, J., concurs in part, dissents in part.

chases it, we recognize that the minor is not completely faultless. Therefore, the vendor could raise the defense of comparative negligence. However, if the conduct of the vendor is found to be willful, wanton, or intentional, then fault must not be apportioned between the parties. *Tomlinson v. Love's Country Stores, Inc.,* 854 P.2d 910, 917 (Okla.1993); *Graham v. Keuchel* 847 P.2d 342, 361–363 (Okla.1993).