2010 OK 57

**Gregory RAY, Debora Ray, and E.R., a minor, Appellants,**

v.

**BROKEN ARROW POLICE DEPARTMENT, A. Mauch, City of Broken Arrow, Appellees,**

and

**V.P., a minor, and Paula Priebe, Defendants.**

No. 106,051.

Supreme Court of Oklahoma.

July 6, 2010.

Rehearing Denied Sept. 13, 2010.

**4.** Previously codified at 15 O.S.2001, §§ 801– 818,

Eric W. Quandt, Darrel R. Paul, Tulsa, OK, for Appellants.

Beth Ann Wilkening, R. Hayden Downie, Broken Arrow, OK, for Appellee, City of Broken Arrow.

COLBERT, J.

¶ 1 Certiorari was previously granted to consider this matter with the original proceeding in *State ex rel. Department of Public Safety v. Gurich*, 2010 OK 56, 238 P.3d 1, decided today. The *Gurich* opinion announces the duty of care owed to the public by a law enforcement officer who pursues the driver of a fleeing vehicle. It addresses causation in such instances and certain statutory exemptions from liability contained in the Governmental Tort Claims Act (GTCA), Okla. Stat. tit. 51, §§ 151–200 (2001 & Supp. 2009).

¶ 2 This matter addresses the single dispositive issue raised on appeal; the applicability of the exemption from liability for "[a]cts or omissions done in conformance with then current recognized standards." *Id.* at § 155(29). This Court holds that the exemption does not apply to these facts and that the trial court erred in granting summary judgment on that ground.

## FACTS AND PROCEDURAL HISTORY

¶ 3 On October 29, 2005, V.P.'s grandmother called 911 emergency services to report that her fifteen-year-old granddaughter was driving her parents' Jeep Cherokee without permission and without a license, and was observed driving in Broken Arrow, Oklahoma. Later that day, officer Angela Mauch of the Broken Arrow Police Department recognized the vehicle as being stolen, performed a U–turn and began pursuit. While fleeing from the officer, V.P. drove into a residential area where she lost control of the vehicle and into a residence occupied by the Ray family (Plaintiffs) causing physical injury to Plaintiffs and damage to their property.

¶ 4 There is some dispute regarding the pursuit. According to the officer, she initially attempted to pull V.P.'s car over, stopped, and began to exit her police car, when V.P. began to flee again and the officer was forced to reinitiate the chase, which eventually ended in the crash into Plaintiffs' home. Witnesses to the chase claim that no such attempted stop by the officer took place. There is dispute also regarding whether the officer properly engaged her emergency lights and siren and at what point she did so during the chase.

¶ 5 Plaintiffs brought this action against the officer, the Broken Arrow Police Department, the City of Broken Arrow (City) asserting that the officer was negligent in pursuing V.P. and that City was vicariously liable for the officer's acts performed within the scope of her employment with the Broken Arrow Police Department. Additionally, Plaintiffs asserted V.P.'s negligence and

a claim for negligent entrustment of the Jeep Cherokee against V.P.'s mother. Only the claim against City is at issue in this matter because the claims against each of the other defendants were dismissed prior to the appeal. V.P. eventually entered a plea to several counts relating to the events of October 29, 2005 and spent time in juvenile custody as a result.

¶ 6 City moved for summary judgment attaching the affidavit of a supervisor for the City of Tulsa Police Department who described his expertise in police pursuits and opined that the officer's actions were not "negligent, grossly negligent or shocking to the conscience" and that "the pursuit was done in conformance with recognized law enforcement standards, and within the Policies established by the Broken Arrow Police Department." The trial court granted summary judgment holding that "the Officer acted in conformance with recognized standards and the City is immune from liability pursuant to the Governmental Tort Claims Act."

¶ 7 On appeal, Plaintiffs asserted only that the trial court erred in its immunity determination. Rather than addressing that issue, however, the Court of Civil Appeals became focused on the duty of care owed by the officer. That court announced "reckless disregard for the safety of others" to be the standard by which the officer's conduct would be judged and then held that Plaintiffs failed to foresee and plead the standard which it had just pronounced. This Court granted certiorari to address the single issue presented on appeal regarding immunity.

## ANALYSIS

■ ¶ 8 This Court has not addressed directly whether the exemption from liability for "[a]cts or omissions done in conformance with then current recognized standards" applies to a law enforcement officer's decision to pursue or continue to pursue a fleeing driver. However, this Court has held that the exemptions from liability which are enumerated in the GTCA do not abridge or enlarge tort law. See McCathern v. City of Okla. City, 2004 OK 61, ¶ 17, 95 P.3d 1090, 1097. Further, torts arising from the performance of a law enforcement function are not shielded by the GTCA immunity provided when the State or a political subdivision negligently provides protective service. Salazar v. City of Okla. City, 1999 OK 20, ¶ 27, 976 P.2d 1056, 1066.

■ ¶ 9 The GTCA does not prescribe the duty of care regarding an officer's pursuit of a fleeing driver. That duty is stated in title 47, section 11–106(E), of the Oklahoma Statutes which requires that an officer not act in "reckless disregard for the safety of others" while pursuing a fleeing driver as explained in today's decision in Gurich, 2010 OK 56, ¶ 22, 238 P.3d 1. "The standard of care prescribes how a person must act or not act in order to satisfy the duty of care." Morales v. City of Okla. City, 2010 OK 9, ¶ 22, 230 P.3d 869, 878. Thus, the question in this matter is whether the officer's conduct was consistent with the duty imposed. That determination depends on the circumstances and therefore it presents an issue for the trier of fact. See Id.,. ¶ 28, 230 P.3d at 881.

## CONCLUSION

¶ 10 The exemption from liability stated in title 47, section 155(29), does not apply to this matter and the trial court erred by applying it as a shield of immunity. This matter is remanded to the trial court for proceedings consistent with this opinion and with the holdings in Gurich.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF COURT OF CIVIL APPEALS VACATED; TRIAL COURT REVERSED; CAUSE REMANDED.

CONCUR: EDMONDSON, C.J.; OPALA, KAUGER, WATT, WINCHESTER, COLBERT, JJ.

DISSENT: TAYLOR, V.C.J.; HARGRAVE, REIF, JJ.

REIF, J., with whom TAYLOR, V.C.J. and HARGRAVE, J. join, dissenting.

I respectfully dissent for the reasons stated in my dissent in the case of State of Oklahoma ex rel. Oklahoma Department of

*Public Safety, v. District Judge Norma Gu-rich,* 2010 OK 56, 238 P.3d 1.