2012 OK CIV APP 9

**Linda BLACKBURN, Plaintiff/Appellant,**

v.

**TOWN OF BOKCHITO,**
**Defendant/Appellee.**

**No. 109,400.**

Court of Civil Appeals of Oklahoma,
Division No. 2.

Dec. 22, 2011.

John W. Thomas, Gotcher & Beaver, McAlester, Oklahoma, for Plaintiff/Appellant.

Sean M. McKelvey, Steidley and Neal, P.L.L.C., McAlester, Oklahoma, for Defendant/Appellee.

JANE P. WISEMAN, Judge.

¶ 1 Plaintiff Linda Blackburn appeals the trial court's order granting Defendant Town of Bokchito's motion to dismiss. This appeal is governed by Supreme Court Rule 1.36, 12 O.S.2011, ch. 15, app. 1, and proceeds without appellate briefing. After review of the record on appeal and authorities on the issue presented, we reverse the order of the trial court and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 According to her petition, Plaintiff "was traveling west on U.S. Highway 70 in the vicinity of the intersection of said highway and northeast 2nd Avenue in Durant, Bryan County, State of Oklahoma." "As Plaintiff slowed and stopped for traffic to clear in order to safely make a left turn onto northeast 2nd Avenue, she was rear-ended by George Gaither who was driving an ambulance owned and operated by the Town of Bokchito" en route to the hospital "with a patient being cared for in the back." Plaintiff sought damages for personal injuries and property damage to her vehicle caused by the accident.

¶ 3 Plaintiff states in her petition that she submitted a governmental tort claim to Defendant. Although the parties settled Plaintiff's property damage claim, her injury claim is still pending. Plaintiff brings this lawsuit to recover damages for "bodily injury, loss of wages, mental anguish, pain and suffering, and future pain and suffering."

¶ 4 Defendant filed a motion to dismiss pursuant to "Okla. Stat. Ann. tit[.] 12, § 2012 and Okla. Stat. Ann tit[.] 19, § 371 (West Supp.2011)" arguing that pursuant to the immunity provisions of § 371(b), it cannot be liable for any negligence as alleged in this case. In response, Plaintiff argues that when § 371 was enacted, the Legislature did not intend to shield Defendant from liability. Plaintiff contends that construing the statute in a way that "provides blanket immunity in cases like this would produce an 'absurd consequence' that is clearly not intended by the Legislature when viewed in light of 47 O.S. § 11–106(E)." [1]

¶ 5 The trial court granted Defendant's motion to dismiss and Plaintiff appeals.

## STANDARD OF REVIEW

¶ 6 We review de novo an order dismissing a case for failure to state a claim on which relief can be granted. Fanning v. Brown, 2004 OK 7, ¶ 4, 85 P.3d 841, 844. We also review de novo a legal question regarding statutory interpretation, "i.e., a non-deferential, plenary and independent review of the trial court's legal ruling." Heffron v. District Court of Oklahoma Cnty., 2003 OK 75, ¶ 15, 77 P.3d 1069, 1076.

## ANALYSIS

¶ 7 The issue presented is whether Defendant is shielded from liability pursuant to 19 O.S.2011 § 371(b) for the negligence of an ambulance driver resulting in a motor vehicle accident while engaged in the provision of ambulance services. Section 371 in its entirety provides:

(a) The board of county commissioners of any county may contract for ambulance

---

1. This section, as discussed further infra, grants certain exemptions from Oklahoma's "Rules of the Road" to drivers of authorized emergency vehicles under certain circumstances.

service with any city, town, county, person, firm or corporation or combination of them under such terms and conditions as may be agreed upon between the parties. Such contracts shall provide for the carrying of liability insurance in such amount as may be fixed and may provide for minimum standards of service and equipment.

(b) Cities, towns and counties engaged in ambulance or emergency service shall be agents of the State of Oklahoma, acting solely and alone in a governmental capacity, and shall not be liable for any act of commission, omission or negligence while so engaged.

(c) Any employee of any city, town or county engaging in ambulance or emergency service at any time or place shall be considered to be serving in regular line of duty and shall be entitled to all the benefits of any pension fund to which he might otherwise be entitled.

19 O.S.2011 § 371.

¶ 8 "In construing a statute, our goal is to determine the Legislature's intent." *In re Estate of Jackson*, 2008 OK 83, ¶ 16, 194 P.3d 1269, 1273. "If the legislative intent is clear from a statute's plain and unambiguous language, [the appellate court] need not resort to rules of statutory construction." *Id.* "When a statute's language is unambiguous, its words will be given their obvious and ordinary meaning and will be followed without additional inquiry." *Id.*

¶ 9 Subsection (b) of § 371 states that, when engaged in providing ambulance service, a town is immune from liability for any act of negligence while rendering such service. It is not clear whether the language of § 371(b) recognizes immunity (1) only for emergency care workers who negligently provide or fail to provide actual emergency care or (2) for all emergency care workers, including ambulance drivers, whether they are actually engaged in providing emergency care or merely driving an emergency vehicle. Although Defendant argues that § 371(b) is clear in recognizing immunity for its ambulance driver with a patient in the ambulance en route to the hospital, we agree with Plain-

tiff that this provision may not be read in isolation when there are other statutory provisions directly applicable to this question of immunity.

¶ 10 The Oklahoma Supreme Court recently in *State ex rel. Oklahoma Department of Public Safety v. Gurich*, 2010 OK 56, ¶¶ 21–22, 238 P.3d 1, 6, further discussed below, stated:

> In 1961, the Oklahoma Legislature adopted certain "Rules of the Road" as part of the Model Uniform Vehicle Code.
>
> . . . .
>
> Section 11–106 of title 47 grants certain exemptions from the Rules of the Road to the driver of an authorized emergency vehicle when responding to an emergency call or fire alarm.

(Footnote omitted.) Authorized emergency vehicles include ambulances. 47 O.S.2011 § 1–103(2); *see also Dep't of Public Safety,* 2010 OK 56 at n. 3, 238 P.3d 1. The exemptions allow in part for an emergency vehicle driver to "[p]roceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation," "[e]xceed the maximum speed limits so long as speeding does not endanger life or property," "[d]isregard regulations governing direction of movement," and "[d]isregard regulations governing turning in specified directions." 47 O.S.2011 § 11–106(B). These exemptions only apply when drivers of emergency vehicles are properly "making use of an audible signal or of flashing red or blue lights or a combination of flashing red and blue lights." 47 O.S.2011 § 11–106(C).

¶ 11 In *Department of Public Safety,* 2010 OK 56, 238 P.3d 1, the Oklahoma Supreme Court interpreted § 11–106 in conjunction with exemptions given to law enforcement officers under the Governmental Tort Claims Act (GTCA).[2] The Supreme Court considered the issue of whether the GTCA exempted the Department of Public Safety from the waiver of sovereign immunity when a police officer entered into a high speed pursuit resulting in the death of a bystander. *Id.* at ¶¶ 1, 5, 238 P.3d at 2–3. The Supreme Court found the GTCA exemptions from liability

2. 51 O.S.2011 §§ 151–172.

did not apply to the case. *Id.* at ¶ 11, 238 P.3d at 4.

¶ 12 The Court further held "that the standard of care which the operator of an emergency vehicle owes to the public is found in the provisions of title 47 of the Oklahoma Statutes concerning emergency vehicles." *Id.* at ¶ 20, 238 P.3d at 6. The Supreme Court found that certain exemptions from liability do not, however, "relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of reckless disregard for the safety of others." *Id.* at ¶ 22, 238 P.3d at 6–7 (quoting 47 O.S. § 11–106(E)).

¶ 13 Stating that public policy demands a standard higher than negligence for situations involving emergency vehicles, the Oklahoma Supreme Court agreed with the Oklahoma Legislature's choice of reckless disregard as the standard of care by which an emergency vehicle operator's driving will be measured. *Id.* at ¶ 28, 238 P.3d at 8. In light of this holding, rather than being exempt from liability, an ambulance driver will be held to the duty of care to innocent bystanders and/or other motorists as stated in 47 O.S.2011 § 11–106(E): that is, "reckless disregard," in determining whether the ambulance driver breached the duty to "drive with due regard for the safety of all persons."

¶ 14 Similarly, in *Ray v. Broken Arrow Police Department*, 2010 OK 57, 238 P.3d 931, 933, the Supreme Court concluded a police officer was not exempt from liability under the GTCA for pursuing a fleeing suspect who lost control of her vehicle and drove into a residence injuring its occupants. The Supreme Court held that the relevant duty of care imposed on an officer in pursuit of a fleeing vehicle was found in § 11–106(E)— *i.e.,* reckless disregard. *Id.* at ¶¶ 8–10, 238 P.3d at 933.

■ ¶ 15 After considering these authorities, we conclude that the immunity recog-

nized in 19 O.S.2011 § 371(b) does not apply in this case. The passage of § 371 predates the GTCA by ten years. Until the waiver of sovereign immunity as enacted in the GTCA, the State enjoyed absolute immunity. It appears that § 371 was designed to extend that sovereign immunity to "[c]ities, towns and counties engaged in ambulance or emergency service," as "agents of the State of Oklahoma, acting ... in a governmental capacity." 19 O.S.2011 § 371(b).

■ ¶ 16 Our conclusion that § 371(b) is not applicable is further supported when considered in conjunction with 47 O.S.2011 § 11–106 because to interpret § 371(b) differently renders § 11–106 meaningless. " 'The Legislature is not presumed to have done a vain or useless act in the promulgation of a statute.' " *State ex rel. Oklahoma Dep't of Pub. Safety v. Gurich,* 2010 OK 56, ¶ 25, 238 P.3d 1, 7 (quoting *Comer v. Preferred Risk Mut. Ins. Co.,* 1999 OK 86, ¶ 18, 991 P.2d 1006, 1014). We conclude it was error to apply 19 O.S.2011 § 371 as a shield of immunity here, and the dismissal of Plaintiff's petition must be reversed and remanded for a determination of whether the ambulance driver's conduct constituted "reckless disregard" for Plaintiff's safety.[3]

### CONCLUSION

¶ 17 The immunity stated in 19 O.S.2011 § 371(b) is not applicable in this case, and the trial court erred by applying it as a shield from liability. We reverse the trial court's dismissal and remand for further proceedings.

¶ 18 **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

FISCHER, V.C.J., and BARNES, P.J., concur.

---

3. The record is silent on whether, at the time of the collision, the ambulance driver was "responding to an emergency call" and was "properly and lawfully" using "an audible signal" or flashing lights as required by 47 O.S.2011 § 11–106(C) to qualify for § 11–106 privileges. These fact issues must also be addressed on remand.