OSCN Found Document:BURGIN v. LEACH

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 BURGIN v. LEACH
2014 OK CIV APP 18
Case Number: 111705
Decided: 01/21/2014
Mandate Issued: 02/20/2014
A, DIVISION III
IN THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2014 OK CIV APP 18, __ P.3d __

DANA BURGIN, INDIVIDUALLY AND AS SURVIVING SPOUSE OF CARLTON L. BURGIN, DECEASED, AND WILLIAM L. BURGIN, Plaintiffs/Appellants,
v.
RAYMOND L. LEACH, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES AS DEPUTY OF THE PAWNEE COUNTY SHERIFF'S DEPARTMENT; MIKE WATERS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; and THE PAWNEE COUNTY SHERIFF'S DEPARTMENT; and PAWNEE COUNTY BOARD OF COUNTY COMMISSIONERS, Defendants/Appellees.



APPEAL FROM THE DISTRICT COURT OF
PAWNEE COUNTY, OKLAHOMA

HONORABLE MATTHEW D. HENRY, TRIAL JUDGE



AFFIRMED IN PART, REVERSED IN PART, AND REMANDED



Donald E. Smolen, Laura Lauth, SMOLEN, SMOLEN & ROYTMAN, P.L.L.C., Tulsa, Oklahoma, for Plaintiffs/Appellants,
Phillip W. Anderson, COLLINS, ZORN & WAGNER, P.C., Oklahoma City, Oklahoma, for Defendants/Appellees.




BRIAN JACK GOREE, Judge:


¶1 This case arises from a motor vehicle collision that occurred while Deputy Sheriff Raymond Leach was responding to a call for assistance. The driver of the other vehicle was killed and his passengers were severely injured. Dana Burgin filed this action individually and as surviving spouse of Carlton Burgin. William Burgin, Carlton's father, joined as a plaintiff. Because Plaintiffs' claims included allegations that their constitutional rights had been violated, Defendants removed the case to federal court. The United States District Court dismissed all claims involving federal law and remanded the case to Pawnee County to adjudicate the questions of state law. On remand, the trial court dismissed the remaining claims and denied Plaintiffs' motion to file an amended petition. We affirm the Order dismissing Plaintiffs' claim for negligence per se but reverse the remainder of the Order. The petition meets our state's notice pleading requirements and it states valid claims for relief. Furthermore, the trial court abused its discretion in denying Plaintiffs' request to file an amended petition to clarify their claims.

I.

Background

¶2 The petition alleges Deputy Leach received a radio call on July 17, 2011 concerning a domestic incident that required police assistance. Leach did not immediately respond to the call. Approximately 45 minutes later, he was traveling on State Highway 48 in Pawnee County toward the dispatched location. He was driving in excess of 90 miles per hour without a siren. He turned on his emergency lights only when he wanted a vehicle ahead to move over and allow him to pass. While changing lanes to avoid a collision with another vehicle, Deputy Leach lost control and impacted the Burgins in a head-on collision.

¶3 Plaintiffs sued four defendants: (1) Raymond Leach in his individual capacity and in his official capacity as deputy sheriff, (2) Mike Waters in his individual capacity and in his official capacity as sheriff, (3) The Pawnee County Sheriff's Department, (Sheriff's Department) and (4) The Pawnee County Board of County Commissioners (Pawnee County). The petition alleges Leach breached his duties in connection with the operation of his vehicle; he failed to use ordinary care; he acted in reckless disregard for the well-being of others; and he acted willfully, wantonly, and unreasonably to the degree it would shock the conscience of a reasonable person. Plaintiffs allege Leach was negligent per se because he violated 47 O.S. 2011 §11-106 by failing to engage his emergency lights and sirens while exceeding the speed limit.

¶4 The petition also alleges wrongdoing by Waters, the Sheriff's Department, and Pawnee County. It alleges Defendants failed to properly instruct, train, and supervise Leach. It alleges Defendants had inadequate policy regarding training, supervision, and discipline. It alleges Defendants hired Leach knowing he had a history of improper conduct but nevertheless entrusted him with an emergency vehicle and knew or should have known he would operate it unsafely.

¶5 Plaintiffs sued for actual and punitive damages based on negligence, negligence per se, and violation of Constitutional rights under 42 U.S.C. §1983.[1] Because a §1983 claim seeks a remedy based upon a federally created right, Defendants removed the case to federal court. The federal court dismissed the §1983 claims and remanded the case to Pawnee County District Court for adjudication of the state law claims.

¶6 Defendants then filed a motion in the state court to set the case for hearing on the remaining claims and they attached the briefs that had been filed in federal court. The trial court granted the motion to dismiss the claims against Leach and denied Pawnee County's motion to amend the petition. That Order is before us for review without appellate briefs according to the accelerated procedure pursuant to 12 O.S. Supp. 2013 Ch. 15, App. 1 Okla. Sup. Ct. R. 1.36(a)(2). We determine only those issues identified in the Petition in Error. Vanguard Environmental, Inc. v. Curler, 2008 OK CIV APP 57, ¶5, n.4, 190 P.3d 1158, 1161.

II.

Defendant Leach is a Proper Party Because His Alleged
Conduct Was Outside the Scope of His Employment

¶7 We begin our analysis by examining whether Leach was a proper party. Defendants argue the Oklahoma Governmental Tort Claims Act immunizes employees from suit when they are acting in the scope of their employment and, because Leach was performing the job of deputy sheriff, he should be dismissed. Plaintiffs' opposing argument is that Leach is properly named because they sued him for actions outside the scope of his employment. We agree with Plaintiffs.

¶8 With a few exceptions not relevant here, a state employee who is acting within the scope of employment shall not be named as a defendant. 51 O.S. Supp. 2012 §163(C). A party who claims injury caused by a state employee may seek damages against the state, but not the employee. 51 O.S. 2011 §153(A). However, the state is not liable under the Act for conduct by an employee that is outside the scope of employment. §153.

¶9 Scope of employment includes performance by an employee acting in good faith within the duties of the employee's office and it encompasses the use of an agency vehicle with the consent of the supervisor. 51 O.S. 2011 §152(12). Several cases support Plaintiffs' argument that they may sue Deputy Leach personally because they alleged his conduct was not in the scope of his employment.

¶10 In Nail v. City of Henryetta, 1996 OK 12, 911 P.2d 914, the court recognized that a police officer could be outside the scope of employment if he were acting maliciously and in a willful and wanton manner toward an individual he had taken into custody for intoxication. Nail, 1996 OK 12, ¶14, 911 P.2d at 918. In Carswell v. Oklahoma State University, 1999 OK 102, 995 P.2d 1118, the court suggested a plaintiff might be able to maintain an action directly against a governmental employee by presenting evidentiary material that the employee had acted maliciously or in bad faith. Carswell, 1999 OK 102, ¶20, 995 P.2d 1123. In DeCorte v. Robinson, 1998 OK 87, 969 P.2d 358, an off-duty police officer used his personal vehicle to stop an individual he considered to be driving dangerously, and in the process subdued him with a chokehold. The jury awarded punitive damages against the officer, which showed it had determined his actions exceeded the scope of his employment. DeCorte, 1998 OK 87, ¶14, 969 P.2d at 362.

¶11 In light of these authorities, we review the allegations of the petition to ascertain whether Plaintiffs have sufficiently stated a claim that Deputy Leach was acting outside the scope of his employment. In doing so, we accept the allegations in the pleading as true. Great Plains Federal Savings and Loan Association v. Dabney, 1993 OK 4, ¶2, n.3, 846 P.2d 1088, 1090 n.3. A pleading must not be dismissed for failure to state a legally cognizable claim unless the allegations indicate beyond any doubt that the litigant can prove no set of facts which would entitle the plaintiff to relief. Tuffy's, Inc. v. City of Oklahoma City, 2009 OK 4, ¶6, 212 P.3d 1158, 1162. We apply this standard in our de novo review. Id.

¶12 Plaintiffs alleged Deputy Leach was driving on a non-emergency call in excess of 90 miles per hour without emergency lights or a siren. The petition states Leach's conduct was so egregious, outrageous and fraught with unreasonable risk as to shock the conscience of a reasonable person. Plaintiffs alleged Leach intended to expose them to an unreasonable risk of harm without regard to the consequences. They requested punitive damages for his willful, wanton, and reckless conduct.

¶13 Plaintiffs did not utilize the phrase "outside the scope of employment" when describing Leach's conduct but their allegations have the same effect. An employee is within the scope of employment while performing assigned job duties and acting in good faith, §152(12), however "an individual cannot simultaneously act in good faith and in a malicious manner . . ." DeCorte, 1998 OK 87, ¶14, 969 P.2d at 362. Because the petition alleges Deputy Leach's conduct was willful, wanton, reckless, and outrageous, Plaintiffs have stated a valid claim that he is personally liable based on conduct outside the scope of his employment. Therefore, it was proper for Plaintiffs to name Leach as a defendant.

III.

Liability Arising Out of the
Operation of an Emergency Vehicle

¶14 This case requires consideration of the scope and effect of 47 O.S. 2011 §11-106. The statute creates a privilege, exempting drivers of authorized emergency vehicles from certain traffic regulations under certain circumstances. It governs situations where the driver of an emergency vehicle is (1) responding to an emergency call, (2) responding to a fire alarm, or (3) in pursuit of an actual or suspected violator of the law. 47 O.S. 2011 §11-106(A). For example, when responding to an emergency call, the driver may exceed the maximum speed limits so long as speeding does not endanger life or property. §11-106(B)(3). However, the exemptions "apply only when the driver is properly and lawfully making use of an audible signal or of flashing red or blue lights or a combination of flashing red and blue lights." §11-106(C).[2] The privilege to disregard certain traffic rules does not eliminate the driver's duty to exercise due regard for public safety. Further, the standard of care required to establish liability is not ordinary negligence but reckless disregard for the rights of others. §11-106(E). When the statute applies, the operator of an authorized emergency vehicle can be liable only for conduct that is in reckless disregard of the safety of others. See, State ex rel. Oklahoma Department of Public Safety v. Gurich, 2010 OK 56, ¶¶24-26, 238 P.3d 1, 7.

¶15 If Deputy Leach was "responding to an emergency call" then §11-106 is implicated and the statute prescribes the standard of care is "reckless disregard for the rights of others." On the other hand, if Leach was not responding to an emergency call, then the statute does not apply and the applicable standard of care is ordinary negligence.[3] See, State v. Gurich, 2010 OK 56, ¶10, 238 P.3d at 3, citing Salazar v. City of Oklahoma City, 1999 OK 20, ¶27, 976 P.2d 1056, 1066 (holding that the Governmental Tort Claims Act does not provide blanket immunity from common-law negligence for carrying out law enforcement duties).

¶16 Plaintiffs allege Leach is liable for failing to exercise ordinary care and for recklessly disregarding the rights of others. They plead theories of negligence and negligence per se. We examine these claims independently, recognizing that the Oklahoma Pleading Code permits alternative statements of relief, 12 O.S. 2013 §2008(E)(2), and a pleader may assert inconsistent facts or theories. Indiana National Bank v. State Department of Human Services, 1994 OK 98, ¶2, 880 P.2d 371, 375.

IV.

Title 47 O.S. 2011 §11-106 Does Not Serve
As a Predicate for Negligence Per Se

¶17 Plaintiffs alleged Defendant Leach "violated" 47 O.S. 2011 §11-106 by failing to employ his emergency lights and sirens while exceeding the maximum speed limit in a manner that endangered the life and property of Plaintiffs. The trial court granted Defendants' motion to dismiss negligence per se and we affirm because the statute does not meet the applicable legal criteria for that theory.

¶18 If a statute delineates the defendant's obligations, a court may adopt the required conduct in place of the common-law duty as the appropriate basis for establishing civil liability. Mansfield v. Circle K Corporation, 1994 OK 80, ¶6, 877 P.2d 1130, 1132. When courts accept a statutory requirement as the legal duty for actionable negligence, the violation of that statute is said to be negligence per se. Id. In order for violation of a statute to constitute negligence per se, (1) the injury must have been caused by the violation, (2) the injury must be of a type intended to be prevented by the ordinance, and (3) the injured party must be one of the class intended to be protected by the statute. Ohio Casualty Insurance Company v. Todd, 991 OK 54, ¶9, 813 P.2d 508, 510.

¶19 In enacting 47 O.S. 2011 §11-106, the Legislature created a privilege in favor of drivers of authorized emergency vehicles by exempting them from complying with certain traffic regulations during emergency situations. Whether a defendant is properly using audible signals or flashing lights are factors that determine whether the driver qualifies for the privilege. See, Blackburn v. Town of Bokchito, 2011 OK CIV APP 9, ¶16, n.3, 270 P.3d 226, 229. They are conditions upon a statutory privilege, not elements of required conduct. The trial court correctly dismissed Plaintiffs' claim of negligence per se.

V.

Plaintiffs' Petition States a Valid Claim
For Operating An Emergency Vehicle
In Reckless Disregard of the Rights of Others

¶20 Although the trial court correctly dismissed the claim for negligence per se, Plaintiffs stated a valid claim that Leach breached his duty by operating his vehicle in a reckless manner with disregard for the health and well-being of the plaintiffs. The allegation that Leach's conduct was reckless overcomes both the privilege from liability embodied in 47 O.S. 2011 §11-106 and the immunity from suit provided by 51 O.S. Supp. 2012 §163(C). The Order granting Leach's motion to dismiss is reversed because the petition states a valid claim that he was outside the scope of his employment when he acted in reckless disregard for the safety of others.

VI.

Justice Requires Leave to Amend the Petition

¶21 Plaintiffs argue the trial court erroneously denied their motion to amend their petition to include state law tort claims against Pawnee County. We will reverse a trial court's order denying a motion for leave to amend a pleading if the decision was an abuse of discretion. Roth v. Mercy Health Ctr., Inc., 2011 OK 2, ¶12, 246 P.3d 1079, 1084. We hold that the original petition stated a claim against Pawnee County, that claim was not dismissed by the federal court, and the trial court should have granted Plaintiffs' request to amend their petition to clarify that their claims against Pawnee County are based upon Deputy Leach's failure to use ordinary care in the scope of his employment.

¶22 Because the petition alleged claims based on violation of 42 U.S.C. §1983, Defendants removed the case based on the existence of a federal question. The Northern District of Oklahoma dismissed all claims brought under §1983. It declined to exercise supplemental jurisdiction over the state law claims and remanded the case to the District Court of Pawnee County. The Order of the federal court states, "The sole remaining claim is a negligence claim against Leach, and plaintiff may also seek leave to assert additional state law claims against the Board." Also, in a footnote, the federal court stated: "As will be explained below, plaintiffs' federal claims will be dismissed and the case will be remanded to state court. Plaintiffs are seeking to add a state law claim against the Board, and the state court should be permitted to consider whether plaintiffs should be granted leave to amend to assert additional state law claims." After remand, the trial court entered its Order stating, "Plaintiffs' Motion to amend to now bring a state tort claim against the Pawnee County Commissioners is DENIED."

¶23 Defendants' position is that all of Plaintiffs' claims against Pawnee County were dismissed in federal court and therefore Pawnee County is no longer a party. They argue that the statute of limitations would bar an amendment adding Pawnee County as a new party and such an amendment could not relate back to the date the original petition was filed because Plaintiffs did not make a mistake concerning the identity of the proper party pursuant to 12 O.S. 2011 §2015(C)(3) but intentionally sued Pawnee County for liability solely under §1983. Plaintiffs counter by arguing that amendment of pleadings should be freely granted where justice so requires and a claim in an amended pleading relates back to the date of the original pleading where the claim asserted arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. 12 O.S. 2011 §2015(C)(2).[4]

¶24 We hold that the doctrine of relation back of amendments does not apply in this case. The federal court did not dismiss any state law claims against Pawnee County. The Order of the federal court (1) granted dismissal of Plaintiffs' §1983 claims against Leach and Waters, (2) granted the motion to dismiss the §1983 claims against Defendants Pawnee County and Sheriff's Department, and (3) remanded the case to the state court. Pawnee County sought dismissal of the §1983 claim, not the state law claim brought against it under the Governmental Tort Claims Act. The holding of the federal court's Order was to dismiss the federal law claims and remand the state law claims. The comments within that Order regarding the viability or potential amendment of the state law claims were not essential to the holding and are not binding on this court. American Trailers, Inc. v. Walker, 1974 OK 89, ¶18, 526 P.2d 1150, 1154. A federal court's determinations that are not necessary to the outcome of its order have no preclusive effect on a state district court. See Durham v. McDonald's Restaurants of Oklahoma, 2011 OK 45, ¶¶4-8, 256 P.3d 64, 66-67.

 

¶25 Plaintiffs requested that the court recast the claims they alleged against Leach in his official capacity as claims against Pawnee County. Considering that the original petition stated a valid claim against Pawnee County under the Governmental Tort Claims Act, and that Pawnee County has never been dismissed from this case, the trial court abused its discretion when it denied Plaintiffs' motion to amend the petition. Leave to amend a pleading should be freely given when justice so requires. 12 O.S. 2011 §2015(A).

VII.

The Petition States a Valid Claim
Against Pawnee County for Leach's
Failure To Use Ordinary Care

¶26 Plaintiffs allege Pawnee County is responsible for the employment of Deputy Leach. They also allege Leach was acting in his capacity as a deputy sheriff when he responded to a non-emergency call for assistance, and he caused an accident because he was traveling at a dangerous speed without properly utilizing lights or sirens. Plaintiffs alleged damages based upon Leach's failure to use ordinary care to operate his vehicle in a safe and reasonable manner. We conclude these allegations are sufficient under the Oklahoma Pleading Code to state a claim against Pawnee County based upon Leach's failure to use ordinary care while operating his vehicle in a non-emergency situation.

¶27 Our rules of pleading require only a short and plain statement of the claim, showing that the pleader is entitled to relief, combined with a demand for judgment. 12 O.S.Supp. 2013 §2008(A). The petition need only give fair notice of the plaintiffs' claims and the grounds upon which it rests. Gens v. Casady School, 2008 OK 5, ¶9 177 P.3d 565, 569. It is unnecessary to utilize particular legal phraseology or even to correctly identify a theory of recovery. Id. Defendants had notice that Plaintiffs were claiming Pawnee County was liable for Leach's failure to use ordinary care while acting in his capacity as a deputy sheriff. Consequently, the original petition stated a valid claim against Pawnee County for liability under the Governmental Tort Claims Act.

VIII.

Conclusion

¶28 Defendant Leach is a proper party defendant because Plaintiffs alleged he engaged in conduct that would fall outside the scope of his employment with a governmental entity. Plaintiffs have no valid claim for negligence per se based on 47 O.S. 2011 §11-106 because the injury was not of a type intended to be prevented by the statute. However, Plaintiffs stated a valid claim against Leach for reckless conduct which would be outside the scope of his employment and outside the privilege of §11-106. The petition states a valid claim against the Board of County Commissioners of Pawnee County based on Leach's alleged failure to use ordinary care while responding to a non-emergency call in the scope of his employment. Pawnee County has been a party at all times in this case and was never dismissed by any court. Plaintiffs' request to file an amended petition should be granted.

¶29 The Order granting Defendant Leach's motion to dismiss Plaintiffs' negligence per se claim is AFFIRMED. The Order granting Defendant Leach's motion to dismiss Plaintiffs' negligence claim is REVERSED. The Order denying Plaintiffs' motion to amend is REVERSED. The case is REMANDED for further proceedings consistent with this opinion.


BELL, P.J., and MITCHELL, J., concur.



FOOTNOTES


[1] To establish a valid cause of action under §1983, a plaintiff must demonstrate (1) a person has acted under color of law, and (2) deprived another of rights secured by federal law or the Constitution. Harmon v. Cradduck, 2012 OK 80, ¶21, 286 P.3d 643, 651.



[2] The use of audible or visible signals is not required under other circumstances nor relevant to the facts of this case. §11-106(C) and §11-106(D).



[3] Oklahoma recognizes three degrees of negligence - slight, ordinary and gross. Fox v. Oklahoma Memorial Hospital, 1989 OK 38, ¶5, 774 P.2d 459, 461, citing 25 O.S. 1981 §5. "Reckless disregard for the safety of others" describes negligence of a higher degree than ordinary negligence. Id.



[4] Title 12 O.S. 2011 §2015(C) provides:

An amendment of a pleading relates back to the date of the original pleading when:

1. Relation back is permitted by the law that provides the statute of limitations applicable to the action; or

2. The claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or

3. The amendment changes the party or the naming of the party against whom a claim is asserted if paragraph 2 of this subsection is satisfied and, within the period provided by subsection I of Section 2004 of this title for service of the summons and petition, the party to be brought in by amendment:

a. Has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

b. Knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. An amendment to add an omitted counterclaim does not relate back to the date of the original answer.










 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Court of Civil Appeals Cases Cite
Name
Level 2008 OK CIV APP 57, 190 P.3d 1158, VANGUARD ENVIRONMENTAL INC. v. CURLER
Discussed 2012 OK CIV APP 9, 270 P.3d 226, BLACKBURN v. TOWN OF BOKCHITO
Cited
Oklahoma Supreme Court Cases Cite
Name
Level 1989 OK 38, 774 P.2d 459, 60 OBJ 628, Fox v. Oklahoma Memorial Hosp.
Discussed 1991 OK 54, 813 P.2d 508, 62 OBJ 1867, Ohio Cas. Ins. Co. v. Todd
Cited 1993 OK 4, 846 P.2d 1088, 64 OBJ 334, Great Plains Federal Sav. and Loan Ass'n v. Dabney
Discussed 1994 OK 80, 877 P.2d 1130, 65 OBJ 2334, Mansfield v. Circle K. Corp.
Discussed 1994 OK 98, 880 P.2d 371, 65 OBJ 2520, Indiana Nat. Bank v. State Dept. of Human Services
Discussed 1974 OK 89, 526 P.2d 1150, AMERICAN TRAILERS, INC. v. WALKER
Discussed 1996 OK 12, 911 P.2d 914, 67 OBJ 525, Nail v. City of Henryetta
Discussed at Length 2008 OK 5, 177 P.3d 565, GENS v. CASADY SCHOOL
Discussed 2009 OK 4, 212 P.3d 1158, TUFFY'S, INC. v. CITY OF OKLAHOMA CITY
Discussed 2010 OK 56, 238 P.3d 1, STATE ex rel. OKLAHOMA DEPT. OF PUBLIC SAFETY v. GURICH
Discussed at Length 2011 OK 2, 246 P.3d 1079, ROTH v. MERCY HEALTH CENTER, INC.
Discussed 2011 OK 45, 256 P.3d 64, DURHAM v. MCDONALD'S RESTAURANTS OF OKLAHOMA, INC.
Discussed 2012 OK 80, 286 P.3d 643, HARMON v. CRADDUCK
Discussed 1999 OK 102, 995 P.2d 1118, 71 OBJ 17, Carswell v. Oklahoma State University
Discussed at Length 1998 OK 87, 969 P.2d 358, 69 OBJ 3096, Decorte v. Robinson
Discussed at Length 1999 OK 20, 976 P.2d 1056, 70 OBJ 862, Salazar v. City of Oklahoma City
Discussed
Title 12. Civil Procedure Cite
Name
Level 12 O.S. 2008, General Rules of Pleading
Discussed 12 O.S. 2015, Amended and Supplemental Pleadings
Discussed at Length
Title 25. Definitions and General Provisions Cite
Name
Level 25 O.S. 5, Three Degrees of Negligence
Cited
Title 47. Motor Vehicles Cite
Name
Level 47 O.S. 11-106, Authorized Emergency Vehicles
Discussed at Length
Title 51. Officers Cite
Name
Level 51 O.S. 152, Definitions
Cited 51 O.S. 153, Liability - Scope - Exemption
Cited 51 O.S. 163, Venue - Parties - Service of Process - Evidence of Insurance
Discussed